## LONE STAR GAS CO. v. COATES et al. (No. 2543.)

(Court of Civil Appeals of Texas. Texarkana. May 4, 1922. Rehearing Denied June 1, 1922.)

1. **Trial &#9758;127—In a suit for personal injuries, colloquy between counsel and court, resulting from evidence that defendant carried insurance, held prejudicial error.**

In a suit for personal injuries resulting from collision between an automobile in which plaintiff was riding and a truck driven by defendant's employee where a witness testified that a statement was prepared by some insurance people, which resulted in animated colloquy between the court and defendant's attorney, *held*, that such proceeding constituted reversible error because impressing upon the minds of the jury that the defendant carried insurance against the loss from such accidents.

### On Motion for Rehearing.

2. **Appeal and error &#9758;1140(1)—Even though damages not excessive as a matter of law, if probably augmented by illegal testimony, the cause must be reversed, where not remediable by remittitur.**

In an action for damages for personal injuries resulting from a collision between an automobile and a truck upon a village street, where the margin between the minimum and maximum of adequacy of damages was great, if any appreciable part was due to illegal testimony that defendant carried insurance against such accidents, the error cannot be cured by remittitur, even though the damages allowed were not, as a matter of law, excessive.

3. **Appeal and error &#9758;843(2)—Where cause is reversed for specified error, other matters, not likely to arise on new trial, need not be decided.**

Where a judgment for plaintiff for personal injuries resulting from an automobile collision must be reversed for error in admitting evidence that defendant carried insurance, questions of the propriety of language used by plaintiff's counsel in argument to the jury, and the jury's conduct, and whether or not damages are excessive, need not be decided where such questions are not likely to arise on new trial.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by Mrs. Mary Coates and husband against the Lone Star Gas Company. Judgment for plaintiffs, and the defendant appeals. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner and W. H. Slay, all of Fort Worth, and Chas. L. Harty, of Dallas, for appellant.

Carlock & Carlock, of Fort Worth, and W. D. Suiter, of Winnsboro, for appellees.

HODGES, J. Mrs. Mary Coates, joined by her husband, filed this suit against the Lone Star Gas Company to recover damages for

personal injuries. The injuries complained of resulted from a collision between a car in which Mrs. Coates was riding and a truck driven by an agent of the Lone Star Gas Company. The facts show that the collision occurred on a public highway in the village of Saginaw, a short distance north of Fort Worth. Mrs. Coates, together with her children and her father, was traveling north in a Ford car which was being driven by her son, Glenn Coates, a youth about 16 years old. The truck with which they collided was traveling south, and was heavily loaded. It is alleged by the plaintiff below that the truck was running at a rapid and unlawful rate of speed, and was negligently operated. The case was submitted on special issues, and the following is, in substance, the finding of the jury:

(1) The truck was being operated at a negligent rate of speed, and this was a proximate cause of the injury.

(2) The driver of the truck negligently turned to his left at the time of the injury, and this was a proximate cause of the collision and injury.

(3) The collision was not the result of an unavoidable accident.

(4) Glenn Coates, who was driving the Ford car, did not when within a short distance of the truck turn to the left-hand side of the road.

(5) Glenn Coates was not guilty of negligence in approaching the truck.

(6) The plaintiff, Mrs. Coates, suffered injuries resulting from the collision which the jury valued at $22,525.10.

The jury found in Mrs. Coates' favor on several other special issues submitted at the request of the appellant. A judgment was then entered in her favor for the damages stated above.

[1] The most serious question in this appeal is presented in the first five assignments of error. The facts show that the truck at the time of the collision was driven by one Ed Lackey, an employee of the appellant, who appeared as a witness upon the trial. On cross-examination this witness was interrogated as follows by counsel for the appellee:

"Q. Didn't you make out a statement of what your facts, or what you knew about it, and you signed it? Ans. Yes, sir.

"Q. Who was it got that up? Ans. The insurance—

"Q. I am not asking you that."

Thereupon counsel for the appellant interposed an objection and desired to state his exception. The court, however, before an exception could be stated, instructed the jury as follows:

"Gentlemen of the jury, the answer of the witness is wholly irresponsive to the question asked. It is not responsive to the question he asked, counsel asked, and it was an improper statement made on the part of the witness, and it would be very prejudicial and improper, highly improper, for the jury to even think about his answer that he made, and I ask you to exclude it, and blot it out from your memory, and void it. It was inadvertent on the part of the witness."

The examination then continued as follows:

"Q. There was somebody got a little statement from you? I am not asking who they represented. Ans. Yes, sir.

"Q. But did you give a written statement to a gentleman that called on you shortly after the accident? Ans. No, sir.

"Q. How soon after the accident was it?"

After a colloquy not necessary to mention counsel for appellee said:

"I want to state to the court and counsel and the jury that I did not call for any answer of that kind. I did not want any answer of that kind, and I don't want the jury to consider it for any purpose."

Thereupon the court again reiterated, in substance, the instructions theretofore given to the jury about disregarding what the witness had said. Counsel for appellant then out of the hearing of the jury took his bill of exceptions to all that had occurred. After another colloquy between the court and counsel for the appellant, the court said:

"Now, gentlemen of the jury, counsel for defendant in taking his bill of exception to the court's effort to exclude the testimony from you, that he did exclude the testimony from you, that he did exclude, has objected to my statement to you that the testimony was improper—of the witness was improper, inadvertent, and prejudicial. Inasmuch as my efforts to withdraw the testimony from you is objected to on account of my using that language, I will say to you that now I will withdraw the statement from you that the testimony was improper, was inadvertent, and was prejudicial, in order that there may be no bill of exception of what I stated to the jury. I withdraw my statement that the testimony was improper, that it was made inadvertently by the witness, and that it was prejudicial, inasmuch as my efforts to withdraw the testimony from you were objected to on account of my using that language. I think it proper for me just to leave it to the jury and say what effect the testimony would have."

This action on the part of the court was promptly excepted to by counsel for the appellant.

The grounds of the objection here made are that, in the proceedings quoted above, the jury was informed that an insurance company was behind the appellant, and would protect it against loss resulting from an adverse judgment in this case. That the admission of evidence of that character would be cause for a reversal of the judgment is not controverted by counsel for the appellees; but they insist that the uncompleted

answer of the witness when he used the words "the insurance" did not have that effect. They also contend that counsel for the appellant is responsible for whatever injury may have resulted from the subsequent proceedings terminated by the court's withdrawal of the admonition theretofore given the jury to disregard this answer of the witness.

It is doubtful if any injury would have resulted from the answer of the witness had the proceedings stopped at that point, or had gone no further than the first direction of the court to the jury to disregard what the witness had stated. But, in view of the entire proceeding which thereafter took place in the presence and hearing of the jury, there was a prejudicial error. What appears to have been rather an animated colloquy between the court and the attorney for the appellant took place, during which the attention of the jury must have been directed to this particular testimony, which the court had once told the jury was highly improper, but which he later told them they could consider and give it such effect as they thought it should have. Those proceedings were sufficient to impress any jury of average intelligence with a well-founded idea that some insurance company was behind the appellant, and was protecting it against liability in that action. Counsel for the appellant had a right to take his bill of exception, and should have been accorded time sufficient to state in some legal form the basis of his objection. The record does not show that he abused that privilege.

In view of the fact that this case was submitted on special issues, it is probably correct to say that it is not likely the error discussed affected any issue passed upon by the jury, except that of the amount of damages allowed. The verdict was a large one, considering the injuries that resulted. It is true the wounds inflicted were dangerous, and came near terminating fatally; but they did not, and the after effects are not shown to be so serious as some which often follow less dangerous injuries. While we are not inclined to say that the sum awarded in this instance is too large to be permitted to stand over an objection merely that it is excessive, we feel justified in saying that a much smaller sum would not be regarded as inadequate. The margin of discretion allowed juries in such matters is so wide that it may often conceal a finding based upon improper evidence such as that which the jury were permitted to consider in this instance.

Many of the remaining assignments of error relate to remarks made by counsel for the appellees in his closing argument to the jury. Without passing upon the propriety of the langauge used, it is sufficient to say that it may not be repeated upon another trial.

There was no error in submitting the issues for the measure of damages in the form adopted by the court, nor was there any error in refusing to submit the special issues requested by the appellant.

For the reasons discussed, the judgment will be reversed, and cause remanded for another trial.

On Motion for Rehearing.

[2] We have carefully considered the able argument of counsel for the appellees asking for an affirmance in this case, but we feel that justice demands that it be tried again. The proceedings which took place in the trial court must have impressed the jury with a well-grounded belief that the appellant was protected against accidents of this character by liability insurance of some kind. Having reached that conclusion, it was but natural for the jury to take that fact into consideration in passing upon a material issue, especially after the court had in effect told them that they might do so if they saw proper. Jurors know that insurance companies are paid premiums for carrying risks, and for that reason alone they would feel less hesitancy in assessing large damages to be paid by one who is compensated in advance for the hazard assumed. If there was any defined standard by which to measure the amount of compensatory damages for this class of injuries, the situation here presented would be different; but the margin between the minimum and the maximum of adequacy which a jury may occupy is so broad, and the lines between what is fair and what is not fair are so uncertain, that it is impossible to say how much of the damages assessed was due to the consideration of improper evidence. If any appreciable part of them were due to illegal testimony, the defendant was unjustly prejudiced by the error. That is true even though the damages allowed are not, as a matter of law, excessive. Hence the error is one which cannot be cured by a remittitur.

Counsel for the appellees insist that to reverse this judgment will in effect be to penalize the plaintiff in the suit for an error for which they were not responsible, and which they were powerless to prevent. It was counsel for the appellees, and not counsel for the appellant, who were responsible for the question that brought the improper answer of the witness. Just why it was important for the jury to know who it was that "got up" the statement to which reference was made does not appear from the record. It may be true that counsel for appellees were not responsible for the reversible error committed, but neither was counsel for the appellant. This case is not reversed in order to penalize any one, but to prevent an injustice for which the appellant was not responsible.

[3] We are asked to pass upon the propriety

of the langauge used by counsel for the appellees in his closing argument to the jury. The discussion of the assignments presenting those questions can serve no useful purpose in a future trial, since it is practically certain that the precise language will not be repeated; and we have no right to anticipate that other language equally offensive will be used. Nor can we assume that the same character of conduct on the part of the jury which is complained of as improper will be repeated. Neither are we required to say whether or not the damages assessed are excessive, when the decision of that question is not essential to the disposition of this appeal. The testimony as to the extent of the injuries might be different upon another trial from what it was in the last.

To discuss in detail all the assignments would involve an unnecessary extension of this opinion.

The motion for a rehearing is overruled.