## MOOD v. METHODIST EPISCOPAL CHURCH SOUTH, OF CISCO, et al.
### (Motion No. 7696; No. 963—4789.)

Commission of Appeals of Texas, Section A. Dec. 7, 1927.

**1. Mechanics' liens ⬦86—Contractors on cost plus basis held entitled to lien for materials actually put in building unless cut off by contract provisions (Const. art. 16, § 37).**

Contractors, erecting church building on cost plus basis, with stipulation as to aggregate extent of defendant's liability, *held* entitled to lien, under Const. art. 16, § 37, for materials procured by them and actually put into building, unless cut off by provision in contract as to aggregate extent of owner's liability.

**2. Mechanics' liens ⬦86—Contractors on cost plus basis held within lien provision of Constitution as respected services personally performed (Const. art. 16, § 37).**

Contractors erecting church building on cost plus basis, *held*, with respect to services personally performed under contract, within Const. art. 16, § 37, giving lien to mechanics, artisans, and materialmen of every class.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

On rehearing. Former opinion modified. For former opinion, see 296 S. W. 506. See, also, 289 S. W. 461.

Hawkins, Hawkins & David, of Breckenridge, for plaintiff in error Mood.

Thos. E. Hayden, Jr., of Abilene, for defendant in error L. N. Stuckey.

Butts & Wright and J. D. Barker, all of Cisco, for other defendants in error.

NICKELS, J. In the original opinion (296 S. W. 506) it was held that causes of action were alternatively stated by Mood et al., as follows: (a) Upon the written contract and specifications as modified or novated in parts from time to time; (b) upon the contract in respect to work done before the time of possible mutual abandonment of its unperformed requirements and upon quantum meruit thereafter; (c) upon quantum meruit in whole because of possible mutual rescission of the original contract both in respect to then unperformed work, and in respect to that which had then been performed. Consequently, it was ruled that no part of the cause of action was, as a matter of law, subject to the bar of limitations, and that the trial court erred in holding otherwise as, also, in giving peremptory instruction in respect to that part of the cause of action which was not then thought to be barred. The motion for rehearing filed by defendants in error relate to these rulings. It does not present matter which was not before taken into account, but we have again given the questions careful attention. We adhere to our formerly expressed views and recommend that the motion be overruled.

In the petition in error an attack is made upon the ruling of the Court of Civil Appeals in respect to the matter of a lien. That assignment we did not discuss in the former opinion, but it was impliedly overruled. National Oil & Pipe Line Co v. Teel, 95 Tex. 586, 68 S. W. 979. To that action exception is taken in the motion filed by plaintiff in error.

In section 37, art. 16, of the Constitution, "mechanics, artisans and materialmen, of every class" are given "a lien upon the buildings and articles made or repaired by them" to the extent of "their labor done thereon, or material furnished therefor." The language employed is very broad in its meaning in respect to "labor done"; "every class" of

"artisans and mechanics" is named; and the lien has reference to "their labor." The comprehensiveness of the provision in its relation to material is indicated in Bassett v. Mills, 89 Tex. 162, 34 S. W. 93, and Warner El. Co. v. Maverick, 88 Tex. 489, 30 S. W. 437, 31 S. W. 353, 499.

In the case made upon the contract, in any view, the owners were to pay for the materials and labor (except that of Mood and Page) which these "contractors" furnished and, in addition, were to pay Mood and Page for their services a sum equal to 10 per centum of the aggregated amount of material and labor bills, with a contingency for reduction or disappearance of the amount to which they should thus become entitled. In so far as the matter is governed by the original contract, Mood and Page were to hire and control the workmen and to procure and thus have placed in the building the material required in the specifications.

To the extent that a case is made upon the quantum meruit, the contractors either performed like services or became foremen directing the work for the owners.

[1] In respect to materials procured by the contractors and put into the building originally or by way of proper alterations, and as yet unpaid for, there is the protection of the constitutional lien (Bassett v. Mills, supra), unless upon the facts it is cut off by that provision of the original contract in which a certain amount is stipulated as the aggregate extent of the owners' liability.

[2] In respect to services personally done by them and for which, according to the contract stipulation, they were to receive 10 per centum of total cost (barring the contingency named), or for services personally done by them upon the quantum meruit, we believe the "contractors," so called, have protection of the constitutional lien. We are not aware of any decision upon this exact point, but, it seems to us, there is analogy in the services performed by Allen in Texas & St. L. Railway Co. v. Allen & Humphrey, 1 White & W. Civ. Cas. Ct. App. & 569, and by Pat Foley in Eastern Texas Railway Co. v. Foley, 30 Tex. Civ. App. 129, 69 S. W. 1031, which were held to be protected by the statutory lien. (See discussion of those cases in the opinion on rehearing in Ft. W. & D. C. Ry. Co. v. Read Bros., etc. [Tex. Civ. App.] 140 S. W. 111, 113. If the allegations be true, Mood and Page assuredly performed labor in some class of mechanics or artisanship.

Accordingly, we recommend that the former opinion be modified as herein indicated, with direction that the new trial, in respect to the matter of the lien claimed, be governed by this opinion.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed and cause remanded to the district court for a new trial, in accordance with the opinion of the Commission of Appeals, as modified by the opinion of the commission on rehearing, as recommended by the commission.

We approve the holdings of the Commission of Appeals on the questions discussed in its original opinion and in the opinion on motion for rehearing.