## THOMPSON DRUG CO. v. LATHAM.
### (No. 3265.)

Court of Civil Appeals of Texas. Amarillo.
June 26, 1929.

Rehearing Denied July 10, 1929.

Turner, Culton & Gibson, of Amarillo, for appellant.

E. O. Northcutt, of Amarillo, for appellee.

JACKSON, J. This suit was instituted in the district court of Potter county, Tex., by the plaintiff, R. H. Latham, against the Thompson Drug Company, a corporation, as defendant, to recover damages in the sum of $1,500, caused by the alleged negligence of the defendant which resulted in a collision between the automobile of plaintiff and an automobile truck belonging to the defendant.

Plaintiff alleges that the collision occurred in the city of Amarillo, Tex., on the intersection of Lincoln and Third streets; that the defendant's truck driver failed to slow down its automobile truck as it approached said street intersection; that the defendant's driver was operating the truck on the wrong side of the street and was driving the truck at an excessive rate of speed—each of which acts constituted negligence, and each of which was the proximate cause of his injuries.

Plaintiff sufficiently alleges the damage inflicted upon his automobile by the collision, the personal injuries he suffered thereby, the doctors' bills, and other expenses which he was required to pay on account of the damages and injuries inflicted upon him by the defendant's negligence.

The defendant answered by general demurrer, special exceptions, general denial, denied separately the allegations of negligence contained in plaintiff's petition, and alleged that the plaintiff was guilty of contributory negligence because he failed to have his automobile under control, failed to turn his automobile so as to avoid the collision, failed to keep a lookout and observe defendant's truck in time to stop his automobile, and because he drove his automobile onto the street intersection while temporarily blinded by the sun.

The case was submitted to the jury by the court on special issues, all of which were answered in favor of the plaintiff and against the defendant. On the verdict of the jury, the court rendered judgment for the plaintiff against the defendant in the sum of $750 and all costs. From this judgment, the defendant prosecutes this appeal.

The appellant, by proper assignment, challenges as error the action of the court in rendering judgment against it, because the appellee, while testifying in his own behalf, stated in the presence of the jury that the driver of appellant's truck told him immediately after the collision that. the appellant carried insurance. The record discloses: That after the appellee had given his testimony relative to the facts and circumstances under which the collision occurred, his attorney asked him this question: "What did you do directly after the accident·occurred?" Appellee answered: "I talked to the fellow that was driving the truck and he told me that Thompson Drug ·Co. carried insurance." That the appellant objected to the testimony, and the court instructed the jury not to consider this statement of the appellee at all. That appellant's attorney asked that the jury be retired, which was done, and he then moved the court to declare a mistrial and discharge the jury for the reason· that the instruction of the court to the jury not to consider the statement would not render harmless the effect of such statement upon the jury, and that appellant would not be able to obtain a fair and impartial consideration of its defense. This motion was overruled, the jury returned, and the trial proceeded and verdict and judgment rendered against the appellant as above stated.

The testimony as to the defendant's negligence and the consequent liability therefor is very sharply controverted in the record. Appellee's witnesses testified that the driver of appellant's truck did not slow down as he approached the street intersection; that he was driving on the wrong side of the street at a speed of 25 or 30 miles an hour. Appellant's witnesses testified that the truck was slowed down as it approached the street intersection, that the truck was on the right or proper side of the street and was running about 12 or 15 miles an hour.

The answer of the witness was not responsive to the question asked him by his attorney. There is nothing in the record to suggest that this statement by the witness was inadvertently made or incidentally injected into the case.

826

In Levinski v. Cooper et al. (Tex. Civ. App.) 142 S. W. 959, 962, it is said: "The question in this case of liability vel non, under the facts, was a closely contested issue; and it seems to us that the asking of this question, under the circumstances, was highly prejudicial to the rights of appellant, and may have, and likely did, influence the jury in returning their verdict. We therefore sustain the assignment presenting this question."

In the case of D. & H. Truck Line et al. v. Lavallee (Tex. Civ. App.) 7 S.W.(2d) 661, 664, the court says: "If the evidence on the issue of liability preponderated in favor of defendants, or if there were sharp conflict in the evidence on vital issues of liability, or if the evidence and reasonable conclusions to be drawn therefrom were fairly balanced on these issues, we would not hesitate to reverse the judgment."

In the truck line case, supra, the authorities on which this conclusion is based are extensively collated. Under the facts and circumstances as disclosed in this record, it would be a mere surmise for this court to say whether or not the testimony complained of affected the jury in reaching a verdict.

"Every litigant has the right to have his case tried in substantial compliance with the established rules of law, in so far as they affect his substantial rights, for the denial of which he will be entitled to a reversal without the necessity of showing affirmatively that such error was harmful. The rule is well established that error in a material respect calculated to injure the losing party will be cause for reversal unless it reasonably appears that such result did not follow." American Produce Co. v. Gonzales (Tex. Com. App.) 1 S.W.(2d) 602, 604, and authorities cited.

"Appellee cannot escape the effect of the testimony given by him on the ground of his ignorance of the baneful effect it would probably have upon the jury. He must be given credit for common sense and at least a modicum of knowledge of human nature. Judgments have been reversed where attorneys have injected such matters into a trial, and we cannot see that the party has any more right to bring in such matters than would the attorneys. In case of the latter, he might with some degree of reason claim that he had not authorized it; but he has nothing to justify, excuse, or palliate his deliberate conduct in bringing such testimony before the jury." Carter v. Walker (Tex. Civ. App.) 165 S. W. 483, 487.

This case also holds that: "No amount of admonition to the jury could remove the effects of the testimony, because it could not remove the knowledge that the suit was not one between citizens, but between a citizen and a corporation."

The fact that appellant in this case was also a corporation would not affect this rule.

Acola et al. v. Magnolia Petroleum Co. (Tex. Civ. App.) 261 S. W. 384.

In Engler v. Hatton (Tex. Com. App.) 12 S.W.(2d) 990, 991, the court says: "We do not put our recommendation upon the ground that the Court's instruction to disregard the testimony cures any possible error."

This assignment is sustained.

Appellant alleges as error the sufficiency of the testimony and the correctness of the charge of the court in permitting the jury to consider, as a part of appellee's damages, doctors' bills and his reduced capacity to earn money in the future on account of personal injuries.

A consideration of these assignments involves a discussion of the facts, and as it is evident that testimony on another trial can be produced to clarify these issues, we deem a ruling thereon unnecessary.

For the error discussed, the judgment is reversed and the cause remanded.