## TEXAS POWER & LIGHT CO. et al. v. STONE.

### No. 1474.

Court of Civil Appeals of Texas. Eastland.

June 7, 1935.

Rehearing Denied July 12, 1935.

Ramey, Calhoun & Marsh and Ben A. Harper, all of Tyler, Eckford & McMahon, of Dallas, Lasseter, Simpson & Spruiell, of Tyler, and W. D. Justice, of Athens, for appellants.

Bishop & Holland, of Athens, for appellee.

GRISSOM, Justice.

This suit was filed by Major C. Stone (hereinafter referred to as plaintiff) for $30,600 damages for alleged personal injuries claimed to have been proximately caused by the negligence of the defendants, Mayfield Company and Texas Power & Light Company (hereinafter called the Light Company).

The Light Company parked its work truck on the west side of a street in the business district of Athens, Tex., with (it is alleged) a ladder resting upon a structure built over the bed of the truck and protruding out into the street; the plaintiff was repairing the roof of the cab of his truck which was parked near the Light Company's truck, and while so engaged, the Mayfield Company truck, with a covering similar to that of a covered wagon with metal bows supporting the covering, was driven down the west side of said street and one of the metal bows on the Mayfield truck struck the east end of said ladder, causing its west end to swing to the north, striking and knocking the plaintiff from his truck and causing

him to fall into the street and suffer the injuries complained of.

The cause was submitted to a jury upon special issues, which were supported by the pleadings, and the jury found, among other things, that defendant Light Company was negligent in permitting the ladder to remain so attached to its truck that when the end thereof, protruding into the street, was struck by a passing car, the other end would swing north in such a manner as to strike the plaintiff and injure him; that the Light Company was guilty of negligence in permitting the end of the ladder to so protrude into the street that the same was struck by the passing truck of the defendant Mayfield Company; that the Light Company was negligent in failing to attach to the end of the ladder a flag to warn approaching cars of the presence of the ladder. It was further found that each of these acts of negligence was a proximate cause of plaintiff's injuries.

The jury further found that the failure of the defendant Mayfield Company to see the protruding ladder was negligence; that it was negligent in driving its truck in such close proximity to the Light Company's truck that it struck the protruding end of the ladder thereon; that it was negligent in operating its truck under the protruding end of the ladder while the truck had attached thereon equipment requiring greater space for clearance than existed between said protruding ladder and the surface of the street; and that each of the foregoing acts of negligence of the defendant Mayfield Company was a proximate cause of plaintiff's injuries. That none of said acts (of either defendant) was the sole proximate cause of plaintiff's injury.

Thereafter, defendant Light Company filed its motion for judgment non obstante veredicto. Subject thereto, it filed its motion for judgment on the finding of the jury. Both defendants filed motions for a new trial; each of said motions were overruled, and defendants excepted and gave notice of appeal.

It is earnestly contended by the Light Company that the trial court was in error in rendering judgment in favor of the plaintiff against it in any sum, because it contends that its misconduct was not, and as a matter of law could not have been, the proximate cause of any injury to the plaintiff. The Light Company contends that the testimony, without dispute, shows that so far as it was concerned, there was an entire absence of the essential elements necessary at law to constitute proximate cause, to wit: (a) The element of foreseeability; (b) the element of causal connection between the conduct of the Light Company alleged to have constituted negligence and the alleged injury to the plaintiff. The Light Company contends that the element of causal connection was totally destroyed by what it contends was the independent, intervening, affirmative, active negligence of the defendant Mayfield Company. Upon this assumption it contends that the judgment of the trial court as to the Light Company should be reversed and rendered.

There is evidence in the record that would justify the jury in concluding that during business hours while automobiles and trucks were parked against the curb on a public street in the business part of the city of Athens, in front of business houses, the Light Company parked its work truck, 20 feet in length, against such curb with a ladder 20 feet long protruding some 6 or 7 feet beyond the body of its truck into the street; that such ladder protruded out into the street and within 5 feet of the center of said street without a flag attached thereto and at a height of approximately 7 feet; that the ladder was not fastened, but was lying loose upon a rack built over the bed of the truck and as high or higher than the cab of the truck; and that while in this position the ladder was struck by a bow supporting a covering similar to that of a covered wagon which inclosed and covered the rear of the truck of the Mayfield Company, used by said company in delivering groceries in the town of Athens. That plaintiff at the time the ladder was struck by the Mayfield Company's truck was working on the top of the cab of his truck which was parked near the Light Company's truck; that when the east end of the ladder was so struck, the west end of the ladder struck the plaintiff, knocking him, or causing him to fall from his truck into the street and causing the injuries alleged by him.

In Tex. Jur. vol. 30, p. 693, § 41, it is said that the conclusion that one's conduct was the proximate cause of injury requires proof: "(1) That, but for the act or omission, the harm would not have been done, and (2) that the actor knew or ought to have known or foreseen that the

prejudicial occurrence or situation would happen or come into existence."

In O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628, 630, it was said: "'An intervening act of an independent voluntary agent does not arrest causation, nor relieve the person doing the first wrong from the consequences of his wrong, if such intervening act was one which would ordinarily be expected to flow from the act of the first wrong-doer.' Thomp. Neg. 1089: 'The mere fact that another person concurs or co-operates in producing the injury, or contributes thereto, in any degree, whether large or small, is of no importance.'" In this connection, see Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755.

The Supreme Court of Texas in the case of Lancaster v. Fitch, 112 Tex. 293, 246 S. W. 1015, 1017, said: "It is often difficult for a court, as a matter of law, to determine the proximate cause of an injury. Ordinarily it is a question of fact, to be determined by the court or jury trying the case; and, where a given state of facts might cause reasonable minds to differ as to whether or not it was the producing and proximate cause of the injury, the court will not disturb their verdict."

■ "Proximate cause" does not necessarily mean the last cause, or the act immediately preceding an injury. If two persons are guilty of negligence and the negligent act of each is a proximate cause of the injury, and the act of each concurring is the efficient cause of the injury, then each of the persons whose acts contributed to the injury and damage are liable, and ordinarily it is immaterial as to which of the defendants was guilty of the last act of negligence, unless there is a new and independent cause disconnected from the original cause, intervening and breaking the chain of sequence and becoming itself the direct and proximate cause of the injury.

"'The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it.'" Fort Worth & D. C. Ry. Co. v. Smithers (Tex. Civ. App.) 228 S. W. 637, 644.

"It is well settled that negligence in order to render a person liable need not be the sole cause of an injury. While mere concurrence of one's negligence with the proximate and efficient cause of the disaster will not create liability, one is liable if his negligence concurred with that of another * * * and became a part of the direct and proximate cause, although not the sole cause. Causes are concurrent when they act contemporaneously to produce a given result. * * *" 22 R. C. L. § 15, p. 128.

"The general doctrine is that it is no defense, in actions for injuries resulting from negligence, that the negligence of third persons * * * contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause, without which the injury would not have occurred. In other words, where defendant is guilty of negligence which causes an injury and the plaintiff is free from negligence contributing thereto the fact that the negligence of a third person also contributed does not relieve the defendant from liability for his negligence." Id. § 16, pp. 128, 129.

"When an injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident, and both are answerable." Id. § 16, p. 129.

"* * * What is the proximate cause of an injury is ordinarily a question for the jury * * *. Thus where the facts of the particular case are disputable and are of such character that different minds might reasonably draw different conclusions therefrom a question of fact is presented properly determinable by the jury." Id. § 31, p. 148.

"The general rule that the question of proximate cause is for the jury has been applied where the injury was the result of concurring causes." Id. § 32, p. 149.

"'If an accident occurs from two causes, both due to the negligence of different persons, but together the efficient cause, then all the persons whose acts contributed to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other.'" 30 Tex. Jur. § 105, p. 776.

■ We are of the opinion that there is sufficient evidence to authorize and sustain the finding of the jury hereinbefore referred to as to the negligence of both the Light Company and the Mayfield Company, and the further finding of the jury that

each of such acts so found to be negligence was a proximate cause of the injury to plaintiff, and that none of the acts of either defendant was the sole proximate cause of plaintiff's injury. Under the facts of this case we are unwilling to hold, as a matter of law, that the acts of the defendant Light Company found by the jury to have been negligence failed to constitute a proximate cause of the injury to the plaintiff. In support of this conclusion we call attention to the following cases: Gonzales v. City of Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17; Ross v. Haner (Tex. Civ. App.) 244 S. W. 231; Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820; Commercial Standard Ins. Co. v. Shudde (Tex. Civ. App.) 76 S.W.(2d) 561.

On the question of contribution between the defendants, we call attention to article 2212, R. S. (1925), which, so far as pertinent here, provides: "Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in causes wherein the right of contribution or of indemnity, or of recovery, over, by and between the defendants is given by statute or exists under the common law, shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment."

The general rule in Texas prior to the passage of this article denied the right of contribution between joint tort-feasors. Having entered judgment for the plaintiff against the defendants, jointly and severally, the court sustained the motion of the Light Company for indemnity over against its codefendant, Mayfield Company, and rendered judgment for the Light Company against the Mayfield Company for the full amount of the judgment, and that the Light Company might have its execution for such portion of the judgment as it may be required to pay under said judgment. In accord with such decision it held the Mayfield Company was not entitled to have contribution from the Light Company.

The trial court in rendering judgment of indemnity in favor of the Light Company evidently did so with the view that the Mayfield Company was the active wrongdoer, while the Light Company was only passively negligent. It has been said: "As to the two negligent parties, if the negligence of one was merely passive, or was such as only to produce the occasion, and the other negligent party was the active perpetrator of the wrong, the former may recover over against the latter." Austin Electric Ry. Co. v. Faust, 63 Tex. Civ. App. 91, 133 S. W. 449, 453. However, in this case the jury found, among other things, that the defendant Light Company was negligent in permitting the ladder to remain so attached to its truck that when the end thereof protruding into the street was struck by the passing car, the other end did swing north in such a manner as to strike plaintiff and injure him; that the Light Company was guilty of negligence in permitting the end of the ladder to so protrude into the street that it was struck by the truck of the Mayfield Company; that the Light Company was negligent in failing to attach to the end of the ladder a flag. The jury further found that each of the said acts of negligence was a proximate cause of the plaintiff's injuries, that the Mayfield Company was guilty of negligence, and that each of the negligent acts of the Mayfield Company was a proximate cause of plaintiff's injury. The jury further found that none of the said acts of either defendant was a sole proximate cause of plaintiff's injury. Evidently the trial court concluded, as a matter of law, that the negligence of the Light Company was merely passive, and was only such negligence as produced the occasion, or condition, and that the Mayfield Company was the active perpetrator of the wrong. Gattegno v. The Parisian (Tex. Com. App.) 53 S.W.(2d) 1005. It is evident that without the acts of either of the defendants, the injury to plaintiff would not have occurred. Under the findings of the jury, the negligence of the Light Company contributed to the negligence of the Mayfield Company in producing the injury to plaintiff. In the case of Galveston, H. & S. A. Ry. Co. v. Nass, 94 Tex. 255, 59 S. W. 870, the Supreme Court of Texas held that under such situation one joint tort-feasor could not recover indemnity against another. See 31 Corpus Juris, p. 454.

"The general rule may be found in the maxim that no man can make his own misconduct ground for an action in his favor. If he suffers because of his own wrong doing, the law will not relieve him. The law cannot recognize equities as

springing from a wrong in favor of one concerned in committing it." Cooley on Torts, p. 254.

■ Upon another trial, if the court, or jury, should find the defendants equally guilty, then the defendant paying the judgment, if any, to the plaintiff would have the right of contribution to the extent of one-half of said judgment against its code-fendant. Gattegno v. The Parisian, supra. In this connection we call attention to the following cases: East Texas Public Service Co. v. Johnson (Tex. Com. App.) 6 S. W.(2d) 344; Baylor University v. Bradshaw (Tex. Civ. App.) 52 S.W.(2d) 1094; Lottman v. Cuilla (Tex. Com. App.) 288 S. W. 123.

■ The record reveals that Dr. Harrison was employed by the plaintiff to make an examination of his condition, and that upon the trial of this case he testified as a witness for defendants. On cross-examination by counsel for plaintiff he was asked to whom he made report of the examination. He answered: "I want to tell how that report was made—I didn't make any report until one day a man called me and said his name was Landrum and I wanted to know who he was and he told me he was with the company." He was asked:

"With what company? A. Now, let me see, you mean the name of the company, I believe he said Hartford Company.

"Q. Hartford what?"

At this point in the testimony the defendants objected, but the record is silent as to the grounds of objection, and as to the ruling of the court, and the witness answered: "Hartford Indemnity Company."

"Q. A man by the name of Landrum called on you and asked you to make a report to him? A. He called me over the telephone."

At this juncture the defendants again objected, and the court said: "Wait a minute, don't answer any further on that." Upon further interrogation by counsel for plaintiff, said witness revealed by his testimony that he made two reports after his examination of the plaintiff, but that neither of said reports was made to the defendants, or either of them, or to the agent of either. The record further reveals that prior to this testimony a witness for the Light Company had testified that Mr. Landrum was employed by the Mayfield Company.

Defendants promptly requested the court to discharge the jury and declare a mistrial because of such testimony, and the failure of the trial court to sustain said motion and declare a mistrial is assigned as error.

■ While it is true ordinarily that counsel may inquire at great length into matters which tend to show the bias or prejudice of a witness, it has always been held reversible error for plaintiff to inject into the case evidence showing, or tending to show, that defendants are protected by insurance, and that a judgment rendered against them would be paid by an insurance company, instead of being paid by defendants. If counsel for plaintiff did not desire that the jury know or believe that an insurance company was in some way connected with the case after counsel had inquired of Dr. Harrison to whom he made a report of the examination, and the doctor had said that a Mr. Landrum called him and told him (the doctor) he was with the company, and counsel then asked with "what Company," and the doctor replied, "I believe he said the Hartford Company," then certainly counsel should not have persisted in such line of inquiry and asked the additional question, "Hartford what?" And over the objection of defendants obtained the answer, "Hartford Indemnity Company." Such action by plaintiff's counsel only served the purpose of emphasizing the former testimony, showing that an insurance company was interested in the case and could easily have been avoided. The answer was directly responsive to the question. This was more than a mere accidental injection of the fact of insurance into the case.

In 33 Tex. Jur. § 171, p. 276, the general rule is stated as follows:

"It is a general rule in suits for personal injury or for wrongful death, that the fact that the defendant is protected by indemnity insurance against liability for damages may not directly or indirectly be injected into the case either by the evidence offered, by argument to the jury, or otherwise. As for example, by questioning jurymen in respect to their connection with casualty, fidelity or guaranty insurance companies, or asking them whether their action in the case will be influenced if the defendant carried insurance indemnifying him against loss."

"It has even been held prejudicial for counsel to elicit from a witness the fact that a written statement of his was taken by a representative of an insurance company." Id. p. 278.

At section 172 of the same authority it is stated: "Where the fact that the defendant carried liability insurance has been improperly injected into the case and objection has been made, a judgment in favor of the plaintiff will ordinarily be reversed. * * * Especially is this rule observed when the evidence is about equally balanced, for it is said no amount of admonition can remove the effects of the information thus improperly conveyed to the jury."

Through no fault of the appellants the jury was unquestionably informed that the Hartford Indemnity Company was interested in the case, and as reasonable men they very probably came to the reasonable conclusion that such company was interested as a result of carrying indemnity insurance protecting one or more of the defendants. In this case the evidence on the issue of liability and the extent of the injuries to plaintiff were closely contested issues. In the case of Bell et al. v. Blackwell (Tex. Com. App.) 283 S. W. 765, 766, Judge Speer, in writing the opinion, quotes from the Supreme Court in the case of Missouri, K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508, in an opinion written by Judge Gaines, as follows: "The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside and a new trial awarded."

In the case of Bell v. Blackwell, supra, it is further stated that the quoted rule applies in like manner to improper evidence and improper argument of counsel.

We are of the opinion that the learned trial court erred in not sustaining appellants' motions to discharge the jury and declare a mistrial. See Thompson Drug Co. v. Latham (Tex. Civ. App.) 19 S.W. (2d) 825.

It is further insisted that this case should be reversed because of improper argument of counsel, and for many other reasons assigned as error; all the assignments have been considered, but the matters complained of will probably not occur upon another trial, and it is not deemed necessary to discuss them here.

Because of the errors discussed the judgment is reversed and remanded.