# JANUARY, 1936

THE TEXAS COMPANY V. MRS. AMELIA BETTERTON ET AL.

No. 6485.   Decided January 8, 1936.
(88 S. W., 2d Series, 1039.)

*J. Russell Mount, Hunt & Hunt, Wilmer Hunt,* and *H. G. Butts,* all of Houston, for plaintiff in error.

When plaintiff's counsel by his own question, and by his own witness's response to his question, injected into the case the fact that the defendant was indemnified by an insurance company, then the court should have granted defendant's motion declaring a mistrial. D. & H. Truck Line v. Lavallee, 7 S. W. (2d) 661; Gose v. Ballard, 12 S. W. (2d) 1067; The Fair v. Preisach, 77 S. W. (2d) 725.

In a suit for damages based upon negligence where the jury finds that the defendant was driving at fifteen miles per hour, and that it was partly on the lefthand side of the road, and makes no finding of negligence, the plaintiff is not entitled to judgment upon such findings as they do not constitute the violation of any statute and are not acts of negligence per se. Abbot v. Andrews, 45 S. W. (2d) 568; Herman Hale Lumber Co. v. Belser, 30 S. W. (2d) 409; Gutierrez v. State, 68 S. W. (2d) 198.

*C. A. Lord,* of Beaumont, *Xavier Christ,* of Port Arthur, *B. C. Johnson,* of Houston, *James E. Gresham* and *Dallas A. Blankenship,* both of Dallas, for defendants in error.

The findings by the jury that the defendant was driving at a rate of speed greater than fifteen miles per hour and that its truck was partly on the left-hand side of the road, and that each of these acts was a proximate cause of the collision, support the judgment without any additional findings of negligence. Davis v. Estes, 44 S. W. (2d) 952 (Com. App.); Texas & Pac. Ry. Co. v. Baker, 215 S. W., 556 (Com. App.); West Texas Coaches Co. v. Madi, 26 S. W. (2d) 199.

Mr. Judge HICKMAN delivered the opinion of the Commission of Appeals, Section A.

A. P. Betterton was killed on a street in Port Arthur in a collision between an automobile which he was driving and a truck belonging to plaintiff in error and being driven at the time by Knockout Brown, one of its employees. In the trial

court Mrs. Amelia Betterton, his surviving wife, and Leslie Betterton, his minor son, were awarded $12,000 damages sustained by them on account of his death, apportioned as follows: $10,000 to Mrs. Betterton, and $2,000 to Leslie Betterton. The judgment of the trial court was affirmed by the Court of Civil Appeals. 56 S. W. (2d) 663.

Writ of error was granted on an assignment presenting the question that the trial court should have granted plaintiff in error's motion to declare a mistrial when there was injected into the case the question of liability insurance. This assignment will be considered first. The question arose in this manner: On cross-examination of the witness Broussard, one of the witnesses of defendants in error, counsel for plaintiff in error handed him a written instrument which the witness had signed and interrogated him with reference to statements therein contained for the purpose of impeachment. Then on redirect examination by counsel for defendants in error the following proceedings were had:

"Q. Is it true? Who wrote that statement? Did you write it?

"A. I didn't write it.

"Q. Who wrote it?

"A. The insurance agent, the one that represented the insurance company of the Texas Company.

"By Mr. Butts: 'A. Just a minute.'

"A. (Continued) 'If I remember right.'

"By Mr. Butts: Comes now the defendant and moves the court to declare a mistrial in this cause for the reason that counsel has brought out from plaintiff's own witness, and it is unprovoked, uncalled for, unwarranted, and there is no place in this record the question of insurance in this case.'

"The Court: 'Motion overruled.'

"Mr. Butts: 'To which we except.' "

In holding that this presented no reversible error the Court of Civil Appeals used this language: "Appellant itself injected the instrument into the case. As it had exhibited the instrument to the witness to be offered in evidence, appellees had the right to inquire as to who wrote it." With this reasoning we are not in accord. Counsel for plaintiff in error did not, by their cross-examination of the witness, inject into the case the question of who wrote the statement signed by him. For the purpose of cross-examination that was wholly immaterial. They had the right to interrogate the witness with reference to the

truthfulness of statements contained in the instrument and, by the exercise of that right, they did not open up the question of insurance, or invite defendant in error to go into that question. We here reaffirm the holding of this court in Page v. Thomas, 123 Texas, 368, 71 S. W. (2d) 234, that it is error to bring to the jury the information or impression that the defendant carries liability insurance. The question was lately reviewed by this court in passing upon an application for writ of error in the case of Texas Power & Light Co. v. Stone, 84 S. W. (2d) 738, in which case the question arose in substantially the same manner as in the instant case, and the approval of this court of the holding in that case is evidenced by the fact that the application for writ of error was refused. Authorities will not be multiplied, for they are collated in the two cited cases.

It is presented that the verdict could not have been influenced by this evidence. The argument is made that plaintiff in error, the Texas Company, is universally known to be one of the largest oil companies in the world, and that there would be no reason why the jury should shield it against liability and victimize an insurance carrier. It may be true that the jury in this case would as readily have returned a verdict against the Texas Company as against an insurance company, but this is a matter of pure conjecture. Some juries might do so, while others might not. The rule requiring a reversal for an error of this nature is a most wholesome one, and nothing short of an affirmative showing by the record that no injury resulted from the error should be held sufficient to render it harmless.

■ The other assignments in the aplication have received careful consideration, but none of them is sustained. On the question of the construction of Article 801(A), Penal Code, discussed in the opinion of the Court of Civil Appeals, we deem it desirable to point out that, since that opinion was written our Court of Criminal Appeals has upheld that article as being sufficiently certain and specific to define an offense. Ex Parte Williams, 70 S. W. (2d) 325. Clearly it prescribes a civil duty. It reads in part as follows:

"On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right-hand side of such highway unless the road on the left-hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

In some situations there might arise an issue of fact as to

whether the highway on the left-hand side was clear and unobstructed for a distance of at least 50 yards ahead, but no such issue of fact was presented in this case. Immediately prior to the collision, and within a less distance than 50 yards from the moving truck, there were two automobiles parked on the highway, and the automobile in which the deceased was riding was moving on the same highway in the opposite direction from that in which the truck was moving. The highway was, therefore, not clear and unobstructed, and it was not necessary to submit an issue on that question to the jury. The finding that, at the time of the collision the truck occupied a part of the left-hand side of the highway, under the facts, convicted the driver of the truck of negligence per se.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court January 8, 1936.