## LOCAL NO. 65, MUSICIANS PROTECTIVE ASS'N et al. v. SAMMONS.
### No. 10752.

Court of Civil Appeals of Texas. Galveston.
Feb. 16, 1939.

Appellee's Rehearing Granted and Case Affirmed March 23, 1939.
Appellants' Rehearing Denied April 6, 1939.

certain work he had performed for it in the construction of some tourist-camp apartments on its lots at Kemah, in Galveston County, together with the foreclosure of the statutory and constitutional liens on the property he had also declared-upon as securing it.

Only one of the appellants' presentments on the present appeal will be disposed of, that is, its contention by proposition and assignment that the learned trial court reversibly erred in overruling its motion to discharge the jury and declare a mistrial—duly made and adversely acted upon before any judgment in the case was entered—on account of this improper and prejudicial matter injected into the trial by the appellee's able counsel, on cross-examination of appellants' witness, E. E. Stokes, who is also its Secretary and Business Manager, towit:

When the direct examination of Mr. Stokes on the material issues involved by appellants' counsel had been concluded, the following proceedings took place:

"Cross Examination.

"By Mr. Kleinecke: Q. You are now secretary and business manager of the Union, and you were president at the time of this transaction? A. Yes.

"Q. Is that the same union that objected to the Army Band playing in Houston the other day?

"Mr. Neblett: That is wholly immaterial.

"Court: Sustained.

"Mr. Neblett: That is absolutely prejudicial.

"Court: The jury will not consider that question in reaching your verdict.

"Mr. Kleinecke: I guess I was a little inquisitive, Judge."

The record not only fails to show affirmatively that no injury resulted to appellants from the gratuitous injection by opposing counsel of this extraneous and improper matter before the jury, but well-nigh self-evidently indicates the contrary; the parties are agreed that the major fact-issues in the case as a whole on the question of how much, if anything, the appellant Local owed the appellee for his work, was as to how many days he worked on the project; the testimony was in sharp conflict upon the point, that of appellants being to the effect that he had worked nothing like the 90 days he asserted—the whole work having been stopped by them on August 25—whereas he himself claimed

Neblett & Neblett and W. P. Neblett, all of Houston, for appellants.

Wayman & Kleinecke, of Galveston, for appellee.

GRAVES, Justice.

This is the second appeal in this cause; before it came here under the style of Sammons v. Local No. 65, etc., from a judgment of the court below sustaining a general demurrer to the then-appellant's petition, which action was reversed on the holding that the pleading stated a good cause of action, the opinion being reported in 106 S.W.2d at page 785.

Now the controversy comes back after a trial below on the facts and the same petition, wherein Sammons—in response to a jury's verdict in his favor on special issues—was given a money-judgment for his same claimed debt of $264.41 against the Local No. 65, etc., together with an added foreclosure against both adverse parties of his two declared-upon liens.

Since the cited former opinion fully details the nature of the suit, it is deemed unnecessary to reiterate that, except to say that the recovery awarded constituted the full balance of the $264.41 claimed by Sammons to be due him by the Local No. 65 for

for a full 90 days' work, running up to September 11 of the same year, 1934; the jury accepted the appellee's version, giving him the full time he claimed at the full $5 per day.

It seems clear, from our decisions, that injury in such a situation will be presumed. Texas P. & L. Co. v. Stone, Tex.Civ. App., 84 S.W.2d 738, writ of error refused; Bell v. Blackwell, Tex.Com.App., 283 S. W. 765; Thompson Drug Co. v. Latham, Tex.Civ.App., 19 S.W.2d 825; Lone Star Gas Co. v. Coates, Tex.Civ.App., 241 S.W. 1111; Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234; Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Southland Greyhound Lines, Inc., v. Cotten, 126 Tex. 596, 91 S.W.2d 326.

Indeed, counsel for appellee merely cites, as answering this assignment, this declaration of our Supreme Court in Clegg v. Gulf, C. & S. F. Ry. Co., 104 Tex. 280, 137 S.W. 109, 111: "We think it cannot be doubted that it is the rule ordinarily recognized that the mere asking of a question, the answer to which is inadmissible, should not be held to have the effect to operate as a reversal, even if it should be considered that the question was improper and the evidence sought to be adduced thereby inadmissible."

That declaration in the circumstances made, however, which were entirely dissimilar to those here existing, cannot rule the case at bar; the court there went on to recite the setting for the question asked in that instance, showing that the witness had himself first laid the predicate for it, that the good faith of opposing counsel in asking it had not been questioned, that the question itself could certainly not be said to have been clearly inadmissible, and, finally, that the matter thereby asked about had no relation whatever to the plaintiff in that cause.

Obviously, the situation here presented is of another complexion entirely, this inquiry having been purely voluntary, proceeding alone, as counsel himself put it, from his having been "a little inquisitive", but according to appellants' overruledmotion for mistrial, which does not appear to have been combatted, to have had this effect:

"The question as put by the attorney for the plaintiff was calculated to, and did cause a deep prejudice against the defendants, because a few days prior to this trial there was held in Houston an Oil World Exposition, and it was a part of the program arranged by the managers of said Exposition to have the band from the 69th Coast Artillery at Ft. Crockett, in Galveston, to furnish the music for the entire week of said Exposition; but this defendant, under the rules and regulations of Musicians' Union, of which it is a member, objected to the said band playing for the said Oil Exposition, and said band returned to Galveston without performing any services whatsoever upon the said occasion.

"The local newspapers, both in Houston and in Galveston, took occasion to comment in their respective newspapers on the acts of said Musicians' Union in refusing to allow the said band to play in Houston at said Exposition and thereby created in the minds of their respective readers a prejudice, whether unfounded or not, against the local Union, the defendant in this cause, and a prejudice was created in the minds of the directors of said Oil Exposition, and all of the exhibitors in said Exposition, * * * and especially in the minds of all oil employees who are engaged in the drilling and operating of oil wells in Galveston County, and all people in anywise connected with or associated with said oil employees, and in the minds of each and every member of the jury who rendered the verdict in said cause.

"That the said Coast Artillery Band, with headquarters at Ft. Crockett in Galveston, is a great favorite of all the people in Galveston County for the reason that the said people are at liberty to, and do enjoy its free band concerts from time to time throughout the years, and because the people of Galveston and Galveston County are proud of said band and appreciate its furnishing said concerts free to the people of said county, and the people of Galveston, including the jury in the instant cause, read the articles and became impressed with a natural and logical prejudice against the defendant, and the attorney for the plaintiff had no other purpose in mind in asking said question except to inflame the prejudice of the jury to such an extent that it brought in the verdict it did bring in by reason of said prejudice.

"That the inflammatory question put to the defendant Stokes by the attorney for the plaintiff immediately called to the jury's minds the fact that the Defendant Union

had refused permission for the said band to come from Galveston to Houston to play for the said Oil Exposition."

In such circumstances, under the authorities herein cited, injury will be presumed, the trial court's mere direction to the jury not to consider the question so injected not being sufficient, without further showing, to rebut it.

For the error indicated, the judgment will be reversed and the cause remanded.

Reversed and remanded.

#### On Appellee's Motion for Rehearing.

On reconsideration, it is determined that the judgment of February 16th last, reversing and remanding this cause for the inquiry by appellee's counsel on cross-examination of the witness Stokes as to whether the appellant Union "was the same one that objected to the army band playing in Houston the other day", was error; the original opinion recited that the trial court erred in overruling appellants' "motion to discharge the jury and declare a mistrial—duly made and adversely acted upon before any judgment in the case was entered—", whereas it should have described the motion as one "to set aside the jury's verdict and declare a mistrial", because that motion, while "duly made and adversely acted upon before any judgment in the case was entered", as before stated, was not presented until some days after the trial had ended and the jury discharged.

That motion was made pursuant to R.S. Art. 2234, which, among other things, requires that the court shall hear evidence as to any allegedly improper communication or testimony put before the jury, "and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material". This statute is to be strictly construed (Parks v. Missouri, K. & T. R. Co., Tex.Civ.App., 19 S.W.2d 373), and the communication or testimony injected must be shown to have been material to the subject-matter of the cause. International-G. N. R. Co. v. Cooper, Tex.Com.App., 1 S.W.2d 578.

This record affirmatively shows, (1) that this motion as just indicated, was not one to discharge the jury, made

at the time the cross-examination occurred, but was one to set aside the verdict eight days after the jury's discharge, and (2) that no evidence whatever was heard upon the matter—just the injection of the inquiry, the objection to it as being "wholly immaterial and absolutely prejudicial" by opposing counsel, and the immediate instruction by the court to the jury not to consider the question in reaching its verdict.

On reflection, it occurs to this court that the mere asking of what was obviously an immaterial and improper question, as against the prompt and positive direction of the court that it could not be considered, and the acquiescence of both sides in that disposition of the matter, should not now be held to have tainted the verdict and judgment; it should now be presumed, in the complete absence of any affirmative indication in the record to the contrary, that the jury followed the court's instruction by not considering the inquiry at all.

The other objections presented by the appellants to the judgment are not deemed to have been well taken; the jury's verdict, in response to which the $261.97 recovery was awarded, has ample support in the testimony—indeed, such findings were not, excepted to.

Moreover, under the facts so found, it is thought the further establishment of the constitutional and statutory liens in the appellee's favor was not error, under these authorities: Constitution of Texas, Art. 16, § 37, Vernon's Ann.St.; R.C.S. of Texas 1925, Arts. 5452, 5453 (Vernon's Ann.Civ.St. art. 5453), 5455; Sammons v. Local No. 65, etc., Tex.Civ. App., 106 S.W.2d 785, and authorities cited; Mood v. Methodist Episcopal Church South, of Cisco, Tex.Com.App., 300 S.W. 30.

Since these conclusions determine the merits of the appeal, further discussion will be forborne; they require that appellee's motion for a rehearing be granted, that this court's former reversal be set aside, and that the judgment of the trial court be in all things affirmed; it will be so ordered.

Rehearing granted, former reversal set aside, and trial court's judgment affirmed.