## MULLENS v. TEXAS INDEMNITY INS. CO.

### No. 2382.

Court of Civil Appeals of Texas. Waco.

Jan. 29, 1942.

Rehearing Denied Feb. 19, 1942.

White & Yarborough, of Dallas, and J. S. Callicutt, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

HALE, Justice.

· This is a compensation case. The jury found on special issues that the claimant, Percy Mullens, sustained accidental injuries on February 2, 1939, while acting in the course of his employment which resulted in his total incapacity from that time until the verdict was returned on July 24, 1940, and that such incapacity would continue for twelve additional weeks in the future; that the claimant had worked substantially the whole of the year immediately preceding his injuries in the same employment and that his average daily wage during such year was the sum of $2.64 per day. The jury made further findings which we think are immaterial to this appeal, some of which, however, will be hereafter noted. The court rendered judgment in favor of claimant for compensation at the rate of $9.14 per week for the period of eighty-nine weeks from the date of his injuries, less compensation payments previously made to him by the insurer. Each party filed motion for new trial. Both motions were overruled and each party excepted and gave notice of appeal. The claimant has duly perfected his appeal.

By his first proposition, appellant asserts that the judgment should be reversed because the same was based upon conflicting findings on the fact issues de-

terminative of the weekly compensation rate applicable. In addition to the issues as to whether appellant worked substantially the whole of the year immediately preceding his injuries, and his average daily wage during such year, the court also submitted independent issues in response to which the jury found that there was no other employee of the same class who worked substantially the whole of the preceding year in a similar employment, and that the average weekly wage of appellant during the preceding year, computed in the manner which the jury deemed just and fair to both parties, was the sum of $15.29. It thus appears that the court submitted independent fact issues to the jury, which, when answered, would afford a basis for determining the average weekly wage under Subdivisions 1, 2 and 3 of Section 1, Article 8309, of Vernon's Tex.Civ.Stats. No objection was made by appellant to the submission of any of these issues. No attack is here made by assignment of error upon the sufficiency of the evidence to support the findings of the jury under Subdivision 1, and consequently this court is conclusively bound by such findings. Fidelity & Casualty Co. v. Maryland Casualty Co., Tex.Civ. App., 151 S.W.2d 230.

It is well settled that the burden is upon the claimant in a compensation case to show by competent evidence that it is impracticable to compute the average weekly wage under Subdivision 1, Section 1 of said Article 8309, before resort can be had to Subdivisions 2 or 3 thereof. United Employers Casualty Co. v. Oden, Tex.Civ.App., 150 S.W.2d 114, point 6, error dismissed. Since the jury found in the case at bar the existence of the facts making the provisions of Subdivision 1 applicable and controlling, their further findings of the existence or nonexistence of the conditions set forth in Subdivisions 2 and 3 of the statute became wholly immaterial. Texas Employers Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399; Petroleum Casualty Co. v. Williams, Tex.Com.App., 15 S.W.2d 553. We might note in passing that the compensable rate applicable under the findings of the jury is $9.14 per week if calculated under Subdivision 1 and is $9.17 per week if calculated under Subdivision 3, which would make a trifling difference of $2.67 in the total amount of compensation recoverable herein. Appellant's first proposition is therefore overruled.

By his second proposition, appellant contends that the judgment should be reversed because C. C. Roberts, the General Manager of the employer, stated substantially in the presence of the jury that the employer and not the insurer would bear the loss incident to this case. Appellant introduced Roberts as a witness near the beginning of the trial in order to prove by him, among other things, that the employer was a subscriber and carried a policy of compensation insurance issued by appellee. The witness testified that he did not have access to the policy, which was not offered in evidence. On cross-examination counsel for appellee propounded to the witness the following question: "Now, the expense incident to, and the loss and money paid out in connection with the compensation injury, who bears it, the Southland Cotton Oil Company, or the Insurance Company?" Thereupon the counsel for appellant stated: "That is immaterial." The record shows that the court interrupted some sidebar remarks and announced: "Gentlemen, I sustain the objection", and the witness, apparently without understanding the ruling of the court or its effect, then stated: "The Southland Cotton Oil Company." The court promptly instructed the jury of his own motion to disregard the question and answer. Counsel for appellant did not request the court to declare a mistrial, but proceeded without any further objection with respect to such statement until after judgment was rendered.

While the question and answer thereto was immaterial, we do not think the same would require a reversal of the judgment appealed from, even though it had been objected to upon the ground that it was prejudicial. If counsel for appellant was of the opinion that the statement was so prejudicial as that the instruction of the court would not cure the error, if any, then the better practice would have been to move the court upon such grounds to discharge the panel. As said in the case of Harmon v. Ketchum, Tex.Civ.App., 299 S.W. 682, 686, error dismissed: "The complaining party should not be permitted to remain silent, speculate on a favorable verdict, and hold in reserve his objection to be raised for the first time in a motion for a new trial." See, also, Local No. 65,

Musicians Protective Ass'n v. Sammons, Tex.Civ.App., 127 S.W.2d 226, error dismissed, judgment correct.

■ Furthermore, we cannot say under the entire record before us that the statement had any effect on the jury or caused the rendition of an improper judgment in this case. All controlling issues were found by the jury favorable to appellant except those relating to the duration of his incapacity. Appellant sought recovery as for total permanent incapacity, payable in a lump sum. Nine doctors testified in the case. One of these was George E. Hurt, who stated that he was not a medical doctor but was a doctor of osteopathy. He testified that in his opinion appellant was totally and permanently incapacitated. None of the other eight doctors agreed with appellant's expert witness and if any or all of the eight medical doctors who were called as witnesses by appellee are to be believed, then the verdict of the jury made ample provision to fully compensate appellant for all incapacity sustained by him. We therefore overrule appellant's second proposition. United Employers Casualty Co. v. Marr, Tex.Civ. App., 144 S.W.2d 973, error dismissed, judgment correct.

■ The remaining propositions advanced by appellant relate solely to claimed improper arguments of counsel for appellee to the jury. The first argument complained of is as follows: "The plaintiff here became dissatisfied with the amount he has been receiving and he wants to set that aside and get a bigger sum of money, now that is simply the purpose of this suit." No objection was made to this argument until appellant filed his amended motion for new trial. It was shown without objection or dispute during the trial that appellee paid weekly compensation to appellant from the time of his injury until some time in November, 1939, at the rate of $10.38 per week, and until after appellant had gone to Dallas and there conferred with his attorneys and with Dr. Hurt. It was also shown by qualification on the bills of exception that appellant's counsel had argued to the jury that they should find total permanent incapacity and an average weekly wage of $21.

The next argument complained of is as follows: "Now, after this plaintiff here went to Dallas, he discovered he had some pain in his lumbar region, backbone, down here, and he claimed he had, he discovered a valid case of headache. Never did have none before he went to Dallas." The bill of exception shows that no objection was made to this argument until appellant filed his amended motion for new trial.

The next argument complained of is as follows: "The main thing he is claiming though that hurt to his leg is permanent, it is now permanent, and that his disability to labor has been destroyed and he wants the maximum amount that the law allows in very aggravated cases, somewhere around $4000.00." No objection was made to this argument until appellant's amended motion for new trial was filed.

No objection was timely made in the trial court to any of the next succeeding twenty separate arguments complained of in appellant's brief. It would not be practicable to set forth in this opinion all of these arguments. However, we have considered all of them and while some of them might have been improper, we do not think any one of them was of such a nature that its withdrawal by counsel or an instruction by the court to the jury to disregard the same would not have cured the error, if any, and thereby have rendered the effect thereof harmless. We therefore hold that appellant has waived his right to now complain of such arguments. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Texas & N.O.R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160.

Appellant also complains of additional arguments of counsel for appellee, to which objection was timely made in the trial court and in some instances the objections so made were overruled, while in other instances they were sustained and the jury properly instructed to disregard the arguments. We have considered all of these propositions, but we cannot say from the entire record before us that any reversible error is shown in connection therewith. We do not think any useful purpose would be served by further discussion or by the citation of additional authorities.

Finding no reversible error in the case, all of appellant's assignments are overruled, and the judgment of the trial court is affirmed.