MOORE v. INDUSTRIAL CO.

(Filed May 9, 1905.)

*Judgments for Labor Performed—Mortgages—Liens—Code Section 1255.*

A judgment obtained against the defendant for services rendered by the plaintiff which consisted in superintending the conduct of its milling operations, conducting a commissary store and keeping the books of the corporation does not come within the terms of section 1255 of the Code, which provides that mortgages of incorporated companies should not, have power to exempt their property from execution for the satisfaction of judgments obtained for "labor performed."

Action by C. P. Moore against the American Industrial Company and another, heard by *Judge Thomas A. McNeill* and a jury at the November Term, 1904, of the Superior Court, of Caldwell County.

This was a civil action for the recovery of a tract of land and to remove an alleged claim or mortgage held upon the same by the defendant Samuel Newman. The defendant company owned the tract of land in controversy and had executed a mortgage on the 20th of December, 1895, to Samuel Newman securing a debt for $6,000 and conveying three tracts of land, which is the land in controversy in this action. A jury trial was waived and the Court found the facts. From His Honor's findings of fact it appears that the defendant company became indebted to the plaintiff for certain services rendered by him in the sum of $164.90, for which plaintiff recovered judgment on the 14th of August, 1896. Execution was issued and under it the sheriff sold the land in controversy on the first Monday in February, 1902, at which sale the plaintiff became the purchaser and received a deed therefor from the sheriff of Caldwell County. From the judgment rendered, the plaintiff appeals.

W. C. Newland and S. J. Ervin for the plaintiff.
Lawrence Wakefield for the defendants.

Brown, J.   It is contended by the plaintiff as follows:
1. That the mortgage was improperly executed; 2. That the
defendant Samuel Newman was an incorporator and stock-
holder of the defendant company; and 3. That the mortgage
was void as against the plaintiff's debt under Section 1255
of The Code, because the plaintiff's judgment was obtained
for "labor performed" for the defendant company.

We agree with His Honor that the words "labor per-
formed", as used in Section 1255 of The Code, do not em-
brace such services as were rendered by the plaintiff to the
defendant company and for which he recovered judgment set
out in the record and under which the land was sold.   The
findings of fact by His Honor necessary to a determination
of this appeal are as follows:   "Fourth. I further find that
in the early part of the year 1896 the plaintiff, C. P. Moore,
was employed by the said corporation as its superintendent
or agent, and that as such agent or superintendent the plain-
tiff employed hands for it and operated its saw mill in the
manufacture of lumber, conducting a commissary where the
hands were supplied with goods; that the said Moore kept
the books of the corporation and had the general oversight
and management of said hands and of the conduct and man-
agement of the said business of said corporation at said lum-
ber plant but did not work with his hands or perform any
manual labor, having merely the control and direction of
the hands."   The word "labor" in legal parlance has a well
defined, understood and accepted meaning.   It implies con-
tinued exertion of the more onerous and inferior kind usu-
ally and chiefly consisting in the protracted exertion of mus-
cular force.   "Labor may be business, but it is not necessarily
so, and business is not always labor.   In legal significance la-
bor implies toil, exertion producing weariness; manual exer-

138——20

tion of a toilsome nature." *Bloom v. Richards,* 2 Ohio State Rep. 387. In English statutes, and in the construction placed upon them by the English courts, this term is generally understood to designate a servant ·employed in some manual occupation.    In *Cook v. Tramway Co.,* 18 Q. B. Div. 684, in speaking of the definition of a laborer as used in the English Employer's Liability Act, *Smith, J.,* says:    "The expression used, it should be noted, is not manual work, but manual labor. Many occupations involve the former, but not the latter, for instance telegraph clerks, bookkeepers and all persons engaged in writing."    According to the findings of fact made by the Court below in the case before us, the services rendered by the plaintiff consisted in superintending the conduct of the milling operations of the defendant company, conducting a commissary from which the hands were supplied, and keeping the books of the corporation.    He did not work with his hands or perform any manual labor, having merely the control and direction of the employees of the defendant company and the general management of its business. · The word "laborer" has a definite and fixed meaning in the Constitution and legislation of this State.    In Article 4, Section 4, of 'the Constitution, it is provided that the General Assembly shall enact suitable legislation for the purpose of giving to mechanics and laborers an adequate lien on the subject matter of their labor and in pursuance of this provision the Mechanic's and Laborer's Lien Law, Chapter 41 of The Code, was enacted by the General Assembly.    Words used in legislation which have a technical meaning are supposed to be used in that sense. Worcester defines a laborer to be one who labors; one regularly employed at some hard work.    Webster defines a laborer to be one who labors in a tiresome occupation; one who does work that requires little skill, as distinguished from an artisan.    In Georgia a laborer has been adjudicated to be one who performs manual labor.    *Adams v. Goodrich,*

55 Ga., 335. To the same effect is *Hebener v. Chave*, 5 Pa. St. 117. These cases are cited and approved by this Court in *Whitaker v. Smith*, 81 N. C., 340. See also *Cook v. Ross*, 117 N. C., 195. A bookkeeper is not a laborer and does not come within the act giving a laborer a lien for his services. *Nash v. Southwick*, 120 N. C., 459. A clerk or bookkeeper is not a laborer. *Cole v. McNeil*, 99 Ga., 250; *Epps v. Epps*, 17 Ill., 196. One who acted as general manager, superintendent and bookkeeper and clerk is not a laborer. *Wakefield v. Fargo*, 90 N. Y., 214; *Coffin v. Reynolds*, 37 N. Y., 640. There are innumerable cases in which the terms labor and laborer have been confined to such services as were rendered by manual labor. *Holy Trinity Church v. U. S.*, 143 U. S., 464; *Winder v. Caldwell*, 14 How. (N. Y.,) 434; *Parker v. Bell*, 7 Gray (Mass.,) 429; *Brockway v. Inniss*, 39 Mich., 47; *Wildner v. Ferguson*, 42 Minn., 112; *Farinholdt v. Lockhard*, 90 Va., 938.

We are of opinion upon the facts found by the court below that the plaintiff is the owner of the land in controversy subject to the lien of the mortgage of the defendant, Samuel Newman, which is the first lien thereon. It appears that in the judgment of the Court provision is made for the foreclosure of the mortgage, therefore, the cause will be remanded to the Superior Court of Caldwell County to the end that the said decree may be enforced, and unless the plaintiff pays the mortgage, as required therein, a decree will be entered appointing a commissioner who will proceed to sell the land in accordance with the decree of His Honor, Judge McNeill. If upon a sale of the property it should bring more than the mortgaged indebtedness, so far as now appears to us from this record, the surplus, after payment of all costs and expenses of sale, will belong to the plaintiff. The cause is remanded and the judgment of the Superior Court is

Affirmed.