## BELL OIL & REFINING CO. et al. v. PRICE. (No. 10070.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 16, 1922. Appellee's Motion for Rehearing Denied Feb. 3, 1923. Appellant's Motion for Rehearing Granted Feb. 3, 1923. Appellee's Motion for Leave to File Second Motion Denied March 17, 1923.)

**1. Mines and minerals ⚫⇒114—Laborer not entitled to foreclose lien for wages for longer period than 30 days and one week prior to filing lien.**

Where a laborer claiming a lien for wages on an oil lease under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a, 5639d, was employed by the day or week, the indebtedness due him accrued each week under the express provisions of Rev. St. art. 5636, and under article 5622 he could claim no lien for labor performed more than 30 days and one week prior to the time the lien affidavit was filed.

**2. Trial ⚫⇒39—Articles of association not introduced in instant case could not be considered merely because introduced in another case.**

If articles of association of defendant were not introduced in evidence in the instant case, they could not be considered by the trial court merely because they were introduced in evidence in another case tried by the court on the same day.

On Appellee's Motion for Leave to File Second Motion for Rehearing.

**3. Appeal and error ⬅️559—Affidavit following judge's signature held part of statement of facts.**

Affidavit and account for a laborer's lien following the trial judge's signature *held* part of the statement of facts where the trial judge especially included them in his approval.

**4. Mines and minerals ⬅️112(2)—Watching a lease while working for others held not "labor" within statute.**

Merely "watching" a lease while doing work for other people is not "labor" within Vernon's Sayles' Ann. Tex. Civ. St. 1914, art. 5639a, giving liens to laborers upon lands, leases, or personal property thereon; "labor" as used in the statutes meaning manual work.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Labor.]

**5. Appeal and error ⬅️1173(1)—Appellate court will treat judgment appealed from as entirety where rights of one appellant depend on those of another, and will reverse judgment as a whole.**

Where the rights of one party appellant are dependent upon those of another, the appellate court will treat the judgment appealed from as an entirety, and, where a reversal is required as to one party, it will reverse the judgment as a whole.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by E. D. Price against the Bell Oil & Refining Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Bonner, Bonner & Sanford, of Wichita Falls, for appellants.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

BUCK, J. This was an action for debt and foreclosure of a laborer's lien by E. D. Price against the Bell Oil & Refining Company, hereinafter called company, a joint-stock association, and George Treadwell, A. C. Bell, and T. N. McNeill, as officers of the company, and as partners in the business. On a trial before the court T. N. McNeill was dismissed from the suit with his costs, and judgment rendered for plaintiff against the company and George Treadwell and A. C. Bell individually for $2,413.50 principal and $139.15 interest, and a foreclosure of a laborer's lien on certain drilling appliances used on wells Nos. 2 and 3, on said lands. From this judgment Treadwell and Bell have appealed.

The seventh assignment is as follows:

"That the court erred in overruling defendants' special exception to plaintiff's original petition as set forth in paragraph 4 of defendants' first amended original answer, wherein said defendants specially excepted to so much

of plaintiff's petition as alleged the fixing of a laborer's lien and prayed for a foreclosure thereof for any sum alleged to be due the plaintiff for labor performed prior to a period of 30 days and one week immediately preceding the date upon which plaintiff filed in the office of the county clerk of Wichita county, Tex., his affidavit with the account of his work, referred to in said petition, for the reason that plaintiff was not, and is not, entitled under the law, to a laborer's lien upon the property described in said petition for any labor performed more than 30 days and one week prior to the filing of said affidavit and account. Wherefore said special exception should have been sustained."

[1] Article 5636, Rev. Civil Statutes, provides:

"When labor is performed by the day or week, then the indebtedness shall be deemed to have accrued at the end of each week during which the labor is performed."

Plaintiff testified that he went to work for the company December 23, 1919; that he was hired by Messrs. McNeill and Webb; that they told him he was to get $10 a day. He testified as to what he was to get several times, but every time except once he said it was $10 a day. Then he testified:

"Mr. Webb and Mr. McNeill and I had a little talk standing by the jack by the west side of the derrick, and I asked them if they thought $300 a month, including $10 a day, was too much, and they said, 'No; I think that is reasonable.'"

Then he alleged that he was to receive $10 a day, and the court so found, as shown by the findings of fact. In no event, in our judgment, would plaintiff be entitled to a foreclosure of a lien to secure his wages for longer than 30 days and one week prior to the time when the lien was attempted to be fixed. Chapter 2a, tit. 86, V. Supp. Tex. Civ. Stats. 1918, art. 5339d, provides:

"The liens herein created shall be fixed and secured and notice thereof shall be given and such liens shall attach and be enforced in the same manner, and materialmen's statement, or the lien of any laborer herein mentioned shall be filed and recorded within the same time, and in the same manner as provided for in chapter 2, title 86, entitled 'Liens,' of the Revised Statutes of 1911 of the state of Texas, relating to liens for mechanics, contractors, builders and materialmen, as the same now exists or may hereafter be amended."

Article 5622 of the Revised Statutes says:

"In order to fix and secure the lien herein provided for, it shall be the duty of * * * every journeyman, day-laborer or other person seeking to obtain the benefits of the provisions of this law, within thirty days after the indebtedness shall have accrued, to file his or their contract in the office of the county clerk, * * * provided, that, if such journeyman, day-laborer, or other persons have no written contract, it shall be sufficient for them to file

an itemized account of their claim, supported by an affidavit, showing that the account is just and correct."

McClellan v. Haley (Tex. Civ. App.) 237 S. W. 627, holds that no lien exists if the laborer fails to fix his lien within 30 days after the accrual of the debt. While a writ of error was granted by the Supreme Court in that case, we do not believe that this holding will be disturbed. Hence the seventh assignment is sustained.

[2] The ninth assignment is directed to that part of the judgment awarding a judgment against George Treadwell and A. C. Bell, individually. It is urged that there is no evidence in the record showing or tending to show that either of them employed plaintiff or even bound themselves, directly or indirectly, to pay him for any work done. The only evidence in the record that either of these defendants was a stockholder or officer in the Bell Oil & Refining Company is contained in the articles of association of the company. These articles are not in the statement of facts signed by the trial judge, but are placed after the certificate of the judge. The judge adds to the certificate the following memorandum:

"I further certify that the parties to said cause having stated to me that they were and are unable to agree upon a statement of facts therein, and having submitted their respective statements to me, I have, from my own knowledge, with the aid of said statements, made out the foregoing statement, and it is ordered that the same shall constitute a part of the record in said cause, with the following explanation: There were two cases tried before the court without a jury on the same day; one following immediately after the other. In the first case the articles of association included in the foregoing statement of facts were introduced in evidence and considered in evidence in the trial of that case. The articles of association were not introduced in evidence in the trial of this case, and I have no independent recollection about the matter as to whether I considered them in evidence in rendering a judgment in this case. It is quite evident, however, from the judgment rendered herein that I did consider the articles of association in evidence."

If these articles of association were not introduced in evidence in this case, they could not be considered by the trial court, because they were introduced in evidence in another case tried by the court. Therefore the ninth assignment is sustained.

For the reasons stated the judgment of the trial court is reversed, and the cause remanded, in so far as the judgment against Treadwell and Bell individually is concerned. No appeal being taken from the judgment against the Bell Oil & Refining Company, that part of the judgment is left undisturbed.

### On Motion for Rehearing.

Appellee urges that at least we should have on original hearing reformed the judgment of the trial court, and affirmed it with a foreclosure of a lien for the value of 37 days' labor. The affidavit filed by appellee is not in the statement of facts approved and signed by the trial judge, but is on the next page after the certificate. Hence we do not feel that we can consider the affidavit as a part of the statement of facts, and therefore cannot give it any effect in supporting an affirmance for a less amount than the judgment awarded.

The motion for rehearing by appellee is overruled.

Appellants call our attention to the fact that an appeal bond was filed on October 24, 1921, and the appellant Bell Oil & Refining Company signed this bond by A. C. Bell, together with G. R. Treadwell and T. N. McNeill; that on the same day Bell, Treadwell, and McNeill filed a supersedeas bond; hence that the Bell Oil & Refining Company did appeal. Therefore we set aside that part of our judgment affirming the judgment as to the Bell Oil & Refining Company, and here reverse the judgment and remand the cause as to all parties defendant.

### Appellee's Motion for Leave to File a Second Motion for Rehearing.

[3] Appellee's motion for rehearing was overruled February 3, 1923. On February 26 thereafter he filed a motion for leave to file a second motion for rehearing. In his motion for rehearing he urges especially that we erred in reversing and remanding that part of the judgment against the Bell Oil & Refining Company, and that we should have at least affirmed the judgment against that company, alleged to be a joint-stock association, and fixed the laborer's lien against the lease and personal property described in the affidavit filed for the value of the labor performed within 37 days prior to the filing of the lien. He also asserts that in the approval of the statement of facts the trial judge especially included in his approval the "attached certified copy of the mechanic's lien." While the instrument following the judge's signature is not an affidavit for a mechanic's lien, but an affidavit for a laborer's lien, probably the affidavit and account should properly be considered as a part of the statement of facts, although it follows the signature of the trial judge. The account is for 407 days' labor from December 23, 1919, to February 2, 1921. The affidavit is dated February 16th and filed on the 17th, 1921. If the affidavit complies with the statutes relating to affidavits and the fixing of liens, which appellant asserts that it does not, and if we were justified in affirming the judgment against the Bell Oil & Refining Company for the debt, we would not be authorized to fix the lien, in any event, for the value of the services performed within 37 days prior to the filing of the lien. The

court found that plaintiff worked until "February 1, 1920"; that he began work for defendants on December 23, 1919, and that he worked for the agreed price of $10 a day until September 23, 1920; that from September 23, 1920, to December 18, 1920, plaintiff was "watching" the lease, and his services were reasonably worth $5 a day; that after "December 18, 1920, to February 1, 1920" plaintiff did other work in connection with said watching, and that for said last-named period his services were of the reasonable value of $2 a day. If we should conclude that the last-named date should be February 1, 1921, instead of 1920, then for the 22 or 21 days (for article 5622, supra, says the laborer seeking a lien must file his contract or itemized account within 30 days) he would be entitled to $44 or $42 for said time.

[4] It is a question whether merely "watching a lease," while plaintiff was doing work for other people, as the court found and the evidence shows plaintiff was doing from September 23, or at least from December 18, 1920, was "labor" as meant by the articles of the statute giving liens to laborers upon lands, leases, or personal property thereon, upon which they have worked.

"The word 'labor' in legal parlance has a well-defined, understood, and accepted meaning. It implies continued exertion of the more onerous and inferior kind usually and chiefly consisting in the protracted exertion of muscular force. * * * In legal significance labor implies toil; exertion producing weariness; manual exertion of a toilsome nature." Bloom v. Richards, 2 Ohio State Rep. 387. Moore v. American Industrial Co., 138 N. C. 304, 50 S. E. 687.

See 16 R. C. L. § 2, pp. 412, 413, 24 Cyc. p. 808, and 2 Bouvier's Law Dictionary, 1811, for further definitions of the word in the various relations in which it may be used. Humphrey's Texas Mechanic's Lien Law defines the word as follows: "Labor as used in the statute means manual work"—referring to those articles of the statutes dealing with laborers' liens. See Jones on Liens, vol. 2, § 629, p. 864. We are of opinion that services performed by appellee from September 23, or at least from December 18, 1920, were not labor expended on the lease so as to entitle him to a lien thereon under article 5639a, supra.

[5] The above discussion brings us to the question of whether, even though there were no specific assignments of error attacking the judgment against the Bell Oil & Refining Company which we would be required to sustain, we ought to affirm the judgment against the Bell Oil & Refining Company, or reverse the judgment and remand the cause as to all parties appellant. Where the rights of one party appellant are dependent upon those of another, the appellate court will treat the judgment appealed from as an entirety,

and, where a reversal is required as to one party, it will reverse the judgment as a whole. Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548.

We were of the opinion on the consideration of the appellants' motion for rehearing, and are of the opinion now, that the rights of the respective parties appellant are so interwoven and dependent on each other that justice requires a reversal as to both parties.

Since we do not find that the tendered second motion for rehearing presents any new questions of law, and since we believe that our action heretofore in reversing and remanding the cause as to both appellants was justified, the motion for leave to file a second motion for rehearing is overruled.