CHARLES PEARSON v. W. A. SIMON and MARYLAND CASUALTY COMPANY.

(Filed 21 November, 1934.)

1. **Trial D a—**

Where there is evidence in support of plaintiff's contention as to the amount of indebtedness sued on, defendant's motion as of nonsuit is properly denied, although there is evidence in contradiction.

2. **Principal and Surety B b—**

The bond of a contractor given in accordance with a contract for public construction and the contract itself will be construed together to determine the extent of the liability of the surety under the bond.

**3. Same—Construing bond for public construction with contract, surety is held liable for salary of superintendent of construction.**

The contract for municipal construction in this case provided that the contractor should file bond conditioned, among other things, for the payment of laborers, foremen, and superintendents employed in the performance of the contract. The bond filed in accordance therewith stated it was for the benefit of all persons furnishing material or performing labor in the performance of the contract: *Held,* although the surety, by strict construction of the bond itself, might not be liable for the salary of a superintendent employed in the performance of the contract, construing the bond with the contract it is manifest that it was the intention of the parties to the contract, as well as the parties to the bond, that the bond should also be liable for the salary of the superintendent, such provision being expressly incorporated in the contract.

**4. Trial B b—**

The trial court has discretionary power, not reviewable on appeal, to allow plaintiff, prior to the introduction of evidence by defendant, to offer additional evidence after plaintiff has rested and after denial of defendant's motion as of nonsuit.

**5. Appeal and Error J e—**

Where additional evidence offered by plaintiff after he has rested and after denial of defendant's motion as of nonsuit in no way affects the right of plaintiff to recover, the action of the trial court in allowing plaintiff to offer such additional evidence cannot be held for prejudicial error.

APPEAL by defendants from *Frizzelle, J.,* at May Term, 1934, of LENOIR. No error.

On or about 14 October, 1930, the defendant W. A. Simon entered into a contract with the city of Kinston, N. C., by which he agreed to do all the work, and to furnish and install, unless otherwise specified, all the materials and equipment necessary for and to complete ready for use the construction of power plant improvements for the city of Kinston. The contract is in writing and provides, among other things, that the said defendant shall execute and file with the city of Kinston a bond in the sum of $23,295, in such form and with such sureties as may be approved by the mayor and board of aldermen of the city of Kinston, conditioned, among other things, for the payment by the said defendant of the wages of laborers, foremen and superintendents employed by him in the performance of said contract.

Pursuant to the provisions of said contract, and in compliance with the terms thereof, the defendant W. A. Simon, as principal, and the defendant Maryland Casualty Company, as surety, executed and filed with the city of Kinston a bond in the sum of $23,295, containing a clause in words as follows:

"This bond is made for the use and benefit of all persons, firms, and corporations who may furnish any material or perform any labor for or

on account of said work, buildings, or improvements, and they and each of them are hereby made obligees hereunder the same as if their own proper names were written hereunder as such, and they and each of them may sue hereon."

The defendant W. A. Simon began the performance of his contract with the city of Kinston during the month of October, 1930, and completed said contract during the month of October, 1931.

On or about 10 October, 1930, the defendant W. A. Simon employed the plaintiff Charles Pearson to superintend the performance of his contract with the city of Kinston, at a salary of $350.00 per month. The plaintiff entered upon the performance of his duties under said contract of employment during the month of October, 1930, and continued to perform the same until the contract of the defendant W. A. Simon with the city of Kinston was completed during the month of October, 1931.

This action was begun on 21 January, 1932. In his complaint the plaintiff alleges that there is now due him by the defendant W. A. Simon for his services under his contract of employment with the said defendant the sum of $1,813.00, with interest from 10 October, 1931.

In their joint answer the defendants deny that there is now due the plaintiff by the defendant W. A. Simon the sum of $1,813.00; they admit that they are indebted to the plaintiff in the sum of $258.83, and offer to pay the said sum into court in full discharge of their liability to the plaintiff on the cause of action alleged in the complaint.

The issue submitted to the jury at the trial of the action was answered as follows:

"In what amount are the defendants indebted to the plaintiff? Answer: '$1,813.00, with interest.'"

From judgment that the plaintiff recover of the defendant W. A. Simon, as principal, and of the defendant Maryland Casualty Company, as surety, the sum of $1,813.00, with interest from 10 October, 1931, and the costs of the action, the defendants appealed to the Supreme Court, assigning errors in the trial.

*Ely J. Perry, Kenneth C. Royall, and Allen Langston for plaintiff.*
*Rouse & Rouse and Carr, Poisson & James for defendants.*

CONNOR, J. There was no error in the refusal of the court below to allow the motion of the defendants, at the close of all the evidence, for judgment as of nonsuit. Assignments of error based on exceptions to the rulings of the court on this motion cannot be sustained.

The evidence for the plaintiff tended to show that the defendant W. A. Simon is indebted to the plaintiff in the sum of $1,813.00, with interest from 10 October, 1931, as alleged in the complaint. This evidence,

although contradicted in some respects by the evidence for the defendants, was properly submitted to the jury.

The contention of the defendant Maryland Casualty Company that it is not liable to the plaintiff in this action under the terms of its bond cannot be sustained. Conceding that under the decision of this Court in *Moore v. Industrial Company*, 138 N. C., 304, 50 S. E., 687, the said defendant is not liable under its bond, strictly construed, for the amount due by the defendant W. A. Simon to the plaintiff for services as superintendent of the work performed by the said defendant under his contract with the city of Kinston, we think that in the instant case the bond must be construed together with the contract, which is referred to and made a part of the bond. It is expressly provided in the contract that the bond shall be conditioned for the payment of wages due not only to laborers, but also to foremen and superintendent. It is well settled as the law in this jurisdiction that a contractor's bond executed and filed pursuant to the provisions of the contract, and in compliance therewith, and the contract must be construed together, in order to determine the extent of the liability of the surety under the bond.

In *Mfg. Co. v. Blaylock*, 192 N. C., 407, 135 S. E., 136, it is said: "The principle is well established by many authoritative decisions, here and elsewhere, that in determining the surety's liability to third persons, on a bond given for their benefit and to secure the faithful performance of a building contract as it relates to them, the contract and bond are to be construed together. *Mfg. Co. v. Andrews*, 165 N. C., 285, 81 S. E., 418. The obligation of the bond is to be read in the light of the contract it is given to secure, and ordinarily the extent of the engagement, entered into by the surety, is to be measured by the terms of the principal's agreement. *Brick Co. v. Gentry*, 191 N. C., 636, 132 S. E., 800, and cases there cited."

When the contract and the bond in the instant case are read together, it is manifest that it was the intention of the parties to the contract as well as of the parties to the bond, that the bond should be liable for the wages not only of laborers, but also of foremen and superintendents employed by the contractor in the performance of his contract. Indeed, in their answer to the complaint in this action the defendants do not deny their liability to the plaintiff on the cause of action alleged in the complaint. They put in issue only the amount due by the defendant W. A. Simon to the plaintiff for his services under his contract of employment. Their contention as to such amount was not sustained by the jury.

The contention of the defendants that it was error for the trial court, after the plaintiff had rested his case, and after the motion of the defendants for judgment as of nonsuit under the statute, C. S., 567, was denied,

and before either of the defendants had offered evidence to allow the plaintiff to offer additional evidence, cannot be sustained. The action of the court was within its discretion, and for that reason is not reviewable by this Court. The rights of the defendants under the statute were not affected by the action of the court. It might have been otherwise if their motion at the close of the evidence for the plaintiff had been allowed.

Conceding, however, that the action of the court of which the defendants complain was not in accord with the practice heretofore obtaining in this State, we are of opinion that no harm resulted to the defendants in the instant case from such action. The facts shown by the additional evidence were not determinative of the right of the plaintiff to have his case submitted to the jury. The purpose and effect of the evidence was to bring plaintiff's case within the principle on which *Moore v. Industrial Company, supra,* was decided. This principle has no application in the instant case.

The judgment in this action is affirmed.

No error.