## SAMMONS v. LOCAL NO. 65, MUSICIANS PROTECTIVE ASS'N OF A. F. OF M. OF HOUSTON, et al.

### No. 10548.

Court of Civil Appeals of Texas. Galveston.

June 3, 1937.

McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellant.

W. P. Neblett, of Houston, for appellees.

GRAVES, Justice.

The honorable tenth district court of Galveston county, wherein the appellant filed this suit as stating a cause of action for a debt of $264.41 against the appellee, secured by a statutory and constitutional lien upon the real property therein described, sustained the latter's general demurrer to appellant's petition undertaking to so declare, which in material substance was as follows:

"II. For cause of action, plaintiff avers that heretofore, to-wit: on or about the 28th day of May, 1934, plaintiff entered into a verbal contract with defendant whereby plaintiff agreed to erect a touring camp apartment-house, consisting of 6 apartments and garages in the town of Kemah, in Galveston County, Texas, on the following described property owned by defendant, to-wit:

"Lots Nos. Four (4), Five (5), and Six (6) of Block No. Three (3), in the town of Kemah, Evergreen Townsite, in Galveston County.

"III. Under said agreement, defendant was to furnish the money as needed for the purchase of materials, the payment of labor, and other things incidental to the construction of said building, and plaintiff was to superintend the entire work of construction and to purchase said materials and hire said labor, and for which work plaintiff was to receive the sum of $5.00 per day. Plaintiff alleges that pursuant to said contract he worked on said project 90 days from May 28, 1934, to September 11, 1934, and completed said work and fully performed said contract on the 11th day of September, 1934. Plaintiff further avers that he worked on said project 90 working days during the period beginning May 28, 1934, and ending September 11, 1934, whereby defendant became liable and promised to pay plaintiff the sum of $5.00 per day, or a total of $450.00. In this connection, plaintiff further avers that he is a skilled mechanic and contractor, and that $5.00 per day is a reasonable and the customary charge for the services performed by plaintiff at defendant's special instance and request.

"IV. Plaintiff further avers that defendant has paid plaintiff the amount ex-

pended by him for defendant's account for the lumber, cement, and other expenses, and has paid plaintiff the sum of $155.59 on account, leaving a balance owing plaintiff of $264.41; that said amount became due and payable at the completion of the improvements on or about the 11th day of September, 1934, and that, though often requested, defendant has failed and refused to pay said balance of $264.41, or any part thereof, to plaintiff's damage.

"V. Plaintiff further avers that by virtue of the labor done, as aforesaid, he has a constitutional lien upon the above described property and improvements made and erected by him.

"VI. Plaintiff further avers that on the 7th day of January, 1935, within the four months' period he filed in the office of the County Clerk of Galveston County, Texas. an itemized account of his claim supported by affidavit, and thereby fixed against the above described property and improvements a statutory-mechanic's and contractor's-lien. * * *

"Wherefore, premises considered, plaintiff prays that upon final hearing he have judgment against the defendant corporation for the amount of his debt, together with interests and costs of suit, that his constitutional and statutory lien on the above described property and improvements be established and foreclosed."

That action was error, under these authorities: Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 79, 881; Mood v. Methodist Episcopal Church (Tex.Com.App.) 300 S.W. 30, modifying (Tex.Com.App.) 296 S.W. 506; Strang v. Pray, 89 Tex. 525, 35 S.W. 1054; Tenison v. Hagendorn (Tex.Civ.App.) 155 S.W. 690; Van Horn Trading Co. v. Day (Tex. Civ.App.) 148 S.W. 1129; Warner Memorial University v. Ritenour (Tex.Civ.App.) 56 S.W.(2d) 236.

Given the benefit of the reasonable intendments to which it is entitled as against the demurrer, while the money demand, standing alone, was under the minimum prescribed for cognizance by district courts, the pleadings otherwise plainly assert a contract with the association whereunder the appellant agreed to erect a touring camp apartment house of six apartments and garages in the town of Kemah, in Galveston county, on certain described lots of land; that the association was to furnish the needed money for the purchase of materials, and payment of labor, and other incidentals in constructing the building; that appellant was to superintend the entire construction work, to purchase the materials, and hire the labor, for all of which he was to receive a stipulated sum of $5 per day; that, pursuant to the contract, he worked upon the building for 90 days, for which the association became liable to him for a total of $450; that he was a skilled mechanic and contractor, for whose services so performed the stipulated $5 per day was the reasonable and customary charge in such instances; that the appellee had reimbursed him for $155.-59 he had expended for its account for lumber, cement, and other expenses in doing the work, leaving a balance due in the amount sued for, which accrued upon the completion of the improvements on or about the 11th day of September of 1934; that within the 4-month period prescribed therefor after the completion of the work he had caused to be filed in the office of the county clerk of Galveston county, Tex. on January 7 of 1935, an itemized account for such claim, supported by affidavit, and that in consequence both the constitutional and statutory lien had become fastened in his favor for the $264.41 balance sued for on the property and improvements described.

These averments and implications differentiate this cause from such cases as Van Horn Trading Co. v. Day (Tex.Civ.App.) 148 S.W. 1129, wherein the petition clearly showed the plaintiff to be a mere day laborer and not a contractor, as alleged, and where the account was not filed within the prescribed period; here, on the contrary, appellant declared upon an express contract with the association, setting out both its details and a direct obligation on his part to erect the apartment house; he thus became, by averments that must be taken as true, an original contractor, hence entitled to enjoy the extra time allowed by R.S. art. 5453, subd. 1, as amended (Vernon's Ann.Civ.St. art. 5453, subd. 1), within which such contractors may file their contracts; the fact that he was to be compensated for his time and work at the rate of $5 per day did not relegate him to the position of a mere day laborer any more than were Mood and Page such, in Mood v. Methodist Episcopal Church, cited supra.

■ Furthermore, it would seem, even if his pleadings had made him only a day laborer, he would still have had, under his other averments, a constitutional lien for

the amount sued for under article 16, § 37, of the Constitution, and independent of the cited statute, under the Strang, Tenison, and Warner Memorial University Cases, all cited supra.

Without further discussion, the judgment will be reversed and the cause remanded.

Reversed and remanded.