CAROLINA BUILDERS CORPORATION, A NORTH CAROLINA CORPORATION, V. NEW AMSTERDAM CASUALTY COMPANY, A MARYLAND CORPORATION.

(Filed 19 November, 1952.)

**1. Principal and Surety § 8—**

The fact that a contractor's performance bond, executed in favor of the owner by the contractor as principal and a corporation as surety, stipulates that all persons furnishing labor or material for the job should have a direct right of action on the bond, does not change the *status* of the surety or make it a principal debtor.

17—236

**2. Same—**

    A contractor's performance bond must be construed with the building contract to which it refers and relates since the obligations of the surety are to be measured by the terms of the principal's agreement with the owner, and therefore complaint in an action by a material furnisher against the surety which fails to attach the contract between the builder and the contractor or allege the material terms thereof so that the liability of the contractor to the owner may be ascertained, is demurrable notwithstanding that the bond gives material furnishers right of direct action on the bond.

**3. Pleadings § 23—**

    Upon sustaining demurrer to the complaint for its failure to state a cause of action, plaintiff may move to amend within the time allowed by G.S. 1-131. Upon its failure to do so, the cause will be dismissed.

APPEAL by defendant from *Carr, J.,* June Term, 1952, WAKE. Reversed.

Civil action on contractor's performance bond to recover for materials furnished, heard on demurrer.

Plaintiff alleges in its complaint that: (1) on 16 August 1950 defendant executed and issued its owner's protective bond in the sum of $70,000, "reciting that K. R. Benfield, Contractor, had executed a contract with W. A. Harris, Owner, for the construction of 14 houses on Hickory Road and Pecan Road for $5,000 each, said bond being conditioned upon the faithful performance of the contract by said Benfield and the payment of all persons who have furnished labor or material," and providing further that laborers and materialmen shall have a direct right of action on the bond; (2) Benfield began the erection of said buildings and in connection therewith purchased from plaintiff materials of the value of $22,822; (3) Benfield became financially involved and was unable to complete the contract, and defendant was notified of said default; (4) defendant failed to complete the contract as it was obligated to do, whereupon plaintiff and other creditors, after notice to defendant, completed the construction of said dwellings, and that the buildings, after completion, were sold for the highest available prices but it was necessary to apply all the proceeds of said sales to a prior mortgage so that nothing was left to be applied to the payment of the claims of plaintiff and other creditors; and (5) the full amount of $22,822 is still due plaintiff for materials furnished for the payment of which demand has been made of defendant, but defendant has failed and refused to pay the same as it is by its policy obligated to do.

A copy of the compliance bond is attached to the complaint and is by reference made a part thereof. However, the alleged contract between Benfield and Harris is by reference made a part of the bond. A copy of this contract, a material part of the bond, is not attached.

The bond was executed by Benfield as principal and defendant as surety for the protection of Harris, owner, as the indemnitee, and is conditioned substantially as alleged in the complaint. It is stipulated therein that: "All persons who have furnished labor or material for use in or about the improvement shall have a direct right of action under the bond, subject to the Owner's priority."

The defendant demurred in writing for that the complaint of the plaintiff does not state facts sufficient to constitute a cause of action against the defendant, specifying five separate alleged deficiencies therein. The demurrer was overruled and defendant appealed.

*Harris, Poe & Cheshire for plaintiff appellee.*
*Bickett & Banks for defendant appellant.*

BARNHILL, J. While the bond in question grants laborers and materialmen the right to maintain an action against defendant, this does not change the status of defendant as a surety and make it a principal debtor. To entitle a materialman to recover from the surety on a performance bond, he must allege and prove a debt due by the contractor for material furnished him for use in the performance of his contract with the owner.

The liability of the surety does not rest solely upon the terms of its bond. It grows out of and is dependent upon the terms of the contract executed by its principal. If there has been no default by the principal, there can be no enforceable debt against the surety.

The obligation of the bond is to be read in the light of the contract it is given to secure. The extent of the engagement entered into by the surety is to be measured by the terms of the principal's agreement. Of necessity, therefore, to determine the surety's liability to third persons on its bond given for their benefit and to secure the faithful performance of a building contract as it relates to them, the contract and the bond must be construed together. *Pearson v. Simon,* 207 N.C. 351, 177 S.E. 124; *Brick Co. v. Gentry,* 191 N.C. 636, 132 S.E. 800; *Mfg. Co. v. Blaylock,* 192 N.C. 407, 135 S.E. 136; *Dixon v. Horne,* 180 N.C. 585, 105 S.E. 270; *McCausland v. Construction Co.,* 172 N.C. 708, 90 S.E. 1010.

The plaintiff does not plead the contract between Benfield and Harris nor does it set forth in its complaint the material terms thereof. It is true the complaint contains the allegation that the defendant executed its bond "reciting" certain facts in respect to a supposed contract between Benfield and Harris. But this will not suffice. The complaint must make it appear that Benfield, by virtue of his contract with Harris, is now indebted to it and the terms of the contract must be pleaded, certainly to the extent necessary to enable the court to determine that, upon the facts alleged, such indebtedness does exist so as to render defendant liable for

the payment thereof. These allegations are essential to the cause of action plaintiff seeks to enforce.

Only a part of the bond itself on which plaintiff relies is by reference made a part of the complaint. The builder's contract is a material part thereof. This contract is not attached either as such or as a part of the performance bond.

Moreover, so far as the complaint discloses, the owner still has on hand a sufficient part of the contract price to satisfy the claim of plaintiff. There is no allegation that any part thereof has been paid by the owner to the contractor or expended by him in the completion of the building project. It is alleged that the creditors—not the owner—completed the erection of the buildings after Benfield's default, and that the proceeds derived from the sale of the property were consumed, not by the cost incurred in the completion of the contract but in the payment of a prior mortgage. What part of plaintiff's claim, if any, was incurred in the completion of Benfield's contract is not made to appear.

Furthermore, plaintiff's right to recover is subject to the owner's priority. What is that priority? Is it of such nature as to foreclose plaintiff's action? The court can answer only upon a consideration of both contracts. Hence it is essential that plaintiff plead both contracts as a part of its cause of action.

The rule of liberal construction does not require or permit us to read into the complaint allegations which are not there.

For the reasons stated we are of the opinion the complaint fails to state a cause of action. Therefore, the cause will be remanded to the end that plaintiff may move to amend as provided by G.S. 1-131. Upon its failure so to do within the time allowed by statute, the cause will be dismissed.

Reversed.