RGK, INC. v. UNITED STATES FIDELITY AND GUARANTY COMPANY, CECIL'S, INC., AND FAIRWAY PROPERTIES, A LIMITED PARTNERSHIP

No. 7615SC527

(Filed 15 December 1976)

**Principal and Surety § 10— construction bond — action against surety — sufficiency of complaint**

In an action wherein plaintiff subcontractor sought to recover from defendants, a general contractor, owner and surety, for labor and material provided by plaintiff in the construction of an apartment complex, plaintiff's allegations that it was a claimant within the meaning of the bond executed by the general contractor as principal and the surety, that the principal defaulted in its obligations to pay plaintiff, and that the surety was therefore liable under the bond clearly stated a claim upon which relief could be granted against defendant surety.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 23 April 1976 in Superior Court, ALAMANCE County. Heard in Court of Appeals 17 November 1976.

This is a civil action wherein the plaintiff, RGK, Inc., seeks to recover from the defendants, Cecil's, Inc. (general contractor), Fairway Properties (owner), and United States Fidelity and Guaranty Co. (surety), jointly and severally, $16,294.60 for labor and material provided by the plaintiff in the construction of an apartment complex in Alamance County, N. C. The

allegations of plaintiff's amended complaint, except where quoted, are summarized as follows:

On 4 December 1974 defendant Cecil's, Inc., general contractor, entered into an agreement with Fairway Properties, owner, for the construction of an apartment complex in Alamance County, N. C.

On 15 February 1974 plaintiff as subcontractor entered into two agreements with Cecil's, Inc., as general contractor, and with Fairway Properties to provide certain labor and material (clearing, grading, and installing storm sewer) in the construction of the apartment complex pursuant to the agreement between Cecil's, Inc. and Fairway Properties. (Copies of these two agreements are attached to and made part of plaintiff's amended complaint.)

Paragraph 3 of plaintiff's amended complaint is as follows: "On March 21, 1974, United States Fidelity and Guaranty Company executed and entered into a Labor and Material Payment Bond with the defendant, Cecil's, Inc., a copy of which is attached hereto and made a part hereof as Exhibit 'D.' " The pertinent provisions of the bond necessary to an understanding of our decision are set out in the opinion.

Plaintiff provided labor and materials pursuant to the agreements with Cecil's, Inc., and Fairway Properties, and such labor and material "were used or reasonably required for use in the performance of the contract between Cecil's, Inc. and Fairway Properties. . . ."

Paragraph 5 of plaintiff's amended complaint is as follows:

"Cecil's, Inc. has failed and refused to make payment to plaintiff for the labor and/or materials furnished for use in the construction of The Wellington Apartments pursuant to the December 4, 1974 contract between Cecil's, Inc. and Fairway Properties, a Limited Partnership. By reason of said default by Cecil's, Inc., the defendant, United States Fidelity and Guaranty Company, is indebted and obligated under the provisions of the Labor and Material Payment Bond to plaintiff in the amount of $16,294.60, plus interest at the rate of 6% per annum from May 8, 1975 until paid."

Defendant USF&G filed an answer to plaintiff's complaint, wherein it, among other things, moved pursuant to G.S. 1A-1,

Rule 12(b)(6) to dismiss the complaint as to it for failure to state a claim upon which relief can be granted. On 26 March 1976 the court entered an order granting USF&G's 12(b)(6) motion and dismissing plaintiff's complaint as to USF&G for failure to state a claim upon which relief can be granted. On 23 April 1976 the court "revised" the order dated 26 March 1976 with the consent of the parties to provide that "the motion of the defendant, USF&G, be treated as a motion for judgment on the pleadings under Rule 12(c) and that there being no just reason for delay final judgment is hereby granted for the defendant, USF&G, from which an immediate right of appeal shall lie." Plaintiff appealed.

*Vernon, Vernon & Wooten by John H. Vernon III for plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey and Leonard by L. P. McLendon, Jr., and M. Daniel McGinn for defendant appellee.*

HEDRICK, Judge.

We note at the outset that the allegations in the complaint and the recitation in the bond indicate that the principal contract between Cecil's, Inc., and Fairway Properties was entered into on 4 December 1974 approximately 9 months after the making of the subcontracts and the signing of the bond, all of which recite the principal contract as already being in existence. No one, including the trial judge, seems to have been aware of what appears on the record to have been a factual impossibility. We proceed to consider the one question argued on appeal on the assumption that the principal contract was entered into before the formation of the subcontracts and the execution of the bond.

Even though the trial judge "revised" the order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted to a judgment on the pleadings, the parties recognize that the one question presented on this appeal is whether plaintiff's complaint states a claim upon which relief can be granted as to defendant USF&G. See *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970); *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974).

The pertinent portions of the payment bond in question are as follows:

"KNOW ALL MEN BY THESE PRESENTS:

BOND NUMBER ___ _____

That Cecil's, Inc., P. O. Box 1945, Spartanburg, South Carolina 29301 as Principal, hereinafter called Principal, and UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation organized and existing under the laws of the State of Maryland, Baltimore, Maryland as Surety, hereinafter called Surety, are held and firmly bound unto Fairway Properties, a limited partnership as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Two Million, Six Hundred Forty-eight Thousand, Two Hundred and Ninety and No/100—Dollars ($2,648,290.00**) for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated December 4, 1974 entered into a contract with Owner for Construction of The Wellington Apartments, Burlington, North Carolina . . . which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal or with a sub-contractor of the Principal for labor, material, or both used or reasonably required for use in the performance of the contract . . .

(2) The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full . . . may sue on this bond for the use of such claimant,

prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit."

Plaintiff has alleged that it is a claimant within the meaning of the bond executed by Cecil's, Inc., as principal, and USF&G as surety, that the principal has defaulted in its obligation to pay plaintiff, and that the surety is therefore liable under the bond. The complaint clearly states a claim upon which relief can be granted against the defendant USF&G. See *Electrical Co. v. Construction Co.*, 12 N.C. App. 63, 182 S.E. 2d 601 (1971).

In its brief USF&G states: "The defendant appellee contends, and the trial court agreed, that the plaintiff, in order to recover on the payment bond, must ALLEGE AND PROVE that the principal-general contractor defaulted on its contract with the owner." Defendant then argues that "The case of *Carolina Builders Corp. v. New Amsterdam Casualty Co.*, 236 N.C. 513, 73 S.E. 2d 155 (1952), is controlling on this point." We do not agree.

In the cited case the demurrer of the defendant, surety on the bond, to the complaint of plaintiff, subcontractor, for labor and material furnished in the construction of several houses was overruled by the trial court. In its complaint plaintiff did not plead the contract between the general contractor, principal on the bond, and the owner. The surety's obligation on the bond to pay subcontractors was not significantly different from the surety's obligation to make such payments under the payment bond in the present case. The Supreme Court reversed the trial court and sustained defendant's demurrer. In reversing the trial court the Supreme Court held that plaintiff's complaint failed to state a cause of action against the surety on the bond because the plaintiff did not allege sufficient facts to show that the labor and material furnished by it was *in furtherance of the contract between the general contractor, principal on the bond, and the owner.*

Procedurally, the cited case and the present case are distinguishable upon the basis of the difference between "fact pleading" in the former and "notice pleading" in the latter. Substantively, we think the cited case stands for the proposition that a subcontractor who qualifies as a *claimant* within the

meaning of a payment bond can maintain an action against the surety on the bond by alleging and proving that the principal on the bond has defaulted in its obligations to pay such subcontractor.

For the reasons stated the judgment for defendant dated 23 April 1976 is reversed, and the cause is remanded to the superior court for further proceedings.

Reversed and remanded.

Chief Judge BROCK and Judge PARKER concur.