### In re ANDERSON RESOURCES CORPORATION, EIN: 84–0642838, Debtor.

### In re ANDERSON PETROLEUM, INC., a/k/a Colorado Anderson Petroleum, Inc., EIN: 84–0681836, Debtor.

### In re ANDERSON PIPELINE COMPANY, EIN: 84–0753598, Debtor.

**Bankruptcy Nos. 85 B 05349 J– 85 B 05351 J.**

United States Bankruptcy Court, D. Colorado.

June 12, 1986.

As Amended June 17, 1986.

Harper Estes, Lynch, Chappel, Allday & Alsup, Midland, Tex., and Robert T. Cosgrove, Burns, Wall, Smith and Mueller, Denver, Colo., for debtor.

C. Medferd Owen, Jr., Bullock, Scott & Neisig, Midland, Tex., and Maria J. Flora, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for Robert C. Lyon.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtor's Motion for Partial Summary Judgment with regard to Objection to Claim of Robert C. Lyon (Claim No. 3).

The Court determines that this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (b)(2)(K).

Mr. Lyon filed his claim herein on October 12, 1985, in the sum of $2,581,000.00 as a secured claim and as evidence of this secured status he attached copies of two Statements of Lien filed June 13, 1985, in the County Clerks' offices, Crockett County, and Sutton County, Texas.

The Motion herein was filed with the Court and mailed to Mr. Lyon's local counsel and Texas counsel on June 14, 1986, and seeks to have this Court declare that Mr. Lyon's claim is unsecured as a matter of law.

Local Rule 10(c) provides that a "... brief opposing a motion under B.R. 7056 shall be filed within twenty (20) days after service of the motion or within such extended time as may be allowed by the Court ...". No extension was requested or granted and the time for a response (after allowing an additional 3 days under Rule 6(e), F.R.Civ.P.) expired May 7, 1986. On May 14, 1986, the Court noticed a hearing on the Motion originally for June 5, 1986. Finally, on June 4, 1986, Mr. Lyon filed his response, brief, and affidavits. This was 28 days late under Local Rule 10(c) and 21 days after the matter was set for hearing.

On June 6, 1986, the Debtor filed its Motion to Strike Mr. Lyon's response as untimely under Local Rule 10(c). Mr. Lyon offered no excuse for filing late, but argued that the Debtor was not prejudiced and therefore the filing should be allowed to stand. However, failure to respond until 28 days after the deadline and only 1 day prior to the scheduled hearing certainly does prejudice the Debtor because it effectively precludes the Debtor from obtaining counter-affidavits, effectively researching the authorities cited and deposing all of those parties who submitted affidavits. Such delays and inattention to the rules are in great part the chief culprits for the congestion facing the courts in this country, and such will not be tolerated in this Court. Accordingly, the Debtor's Motion to Strike shall be granted.

However, even if the Court did not strike Mr. Lyon's response, the Debtor's Motion for Partial Summary Judgment must be granted.

The documents by which Mr. Lyon claims a security status, i.e. the Statements of Liens state as follows:

The work and services for which the lien is claimed consisted of the creation of business plans for each of the pipelines described in Exhibit B hereto, prepared producer gas purchase contracts, secured a market for the gas from the

pipelines, developed the gas allocation system for allocating the proceeds from the sale of production among the wells producing into each of the pipelines described in Exhibit B to the instrument to which this Exhibit A is attached (herein called Exhibit B) and technical advice with respect to the gas contracts for gas flowing therein. The amount claimed is the sum arrived at by applying the formula set out in the first grammatical paragraph on page 2 of each of the letter agreements between Robert C. Lyon and Anderson Pipeline Company described in Exhibit B (to which instruments and the records thereof reference is here made for all purposes) for the month of March, 1985 and all subsequent months.

In his Response, Mr. Lyon asserts that these Statements of Lien were filed under the provisions of Chapter 56 of the Texas Property Code ("Code") (Vernon 1984). This statute provides certain persons a statutory lien on mineral properties in Texas. The following are the pertinent provisions of the Code:

§ 56.001 (1). "Mineral activities" means digging, drilling, torpedoing, operating, completing, maintaining, or repairing an oil, gas, or water well, an oil or gas pipeline, or a mine or quarry.

(2) "Mineral contractor" means a person who performs labor or furnishes or hauls material, machinery, or supplies used in mineral activities under an express or implied contract with a mineral property owner or with a trustee, agent, or receiver of a mineral property owner.

(3) "Mineral property owner" means an owner of land, an oil, gas, or other mineral leasehold, an oil or gas pipeline, or an oil or gas pipeline right-of-way.

Section 56.002. A mineral contractor or subcontractor has a lien to secure payment for labor or services related to mineral activities.

The term "labor" as used in Section 56.001(2) is not defined in the Code so resort must be made to the case law of Texas. In *Bell Oil & Refining Co., et al. v. Price*, 251 S.W. 559, 562 (Tex.Civ.App.—Ft. Worth 1923, no writ) the court stated:

The word " 'labor' in legal parlance has a well-defined, understood, and accepted meaning. It implies continued exertion of the more onerous and inferior kind usually and chiefly consisting in the protracted exertion of muscular force.... In legal significance labor implies toil; exertion producing weariness; manual exertion of a toilsome nature." Bloom v. Richards, 2 Ohio State Rep. 387. Moore v. American Industrial Co., 138 N.C. 304, 50 S.E. 687.

See 16 R.C.L. § 2, pp. 412, 413. 24 Cyc. p. 808, and 2 Bouvier's Law Dictionary, 1811, for further definitions of the word in various relations in which it may be used. Humphrey's Texas Mechanic's Lien Law define the word as follows: "Labor as used in the statute means manual work"—referring to those articles of the statutes dealing with laborers' liens. See Jones on Liens, vol. 2, § 629, p. 864. We are of the opinion that services performed by appellee "[i.e. "watching a lease"] ... were not labor expended on the lease so as to entitle him to a lien thereon ...".

In *Sanguinett & Staats v. Colorado Salt Co.*, 150 S.W. 490 (Tex.Civ.App.—Ft. Worth 1912, writ ref'd.), the court held that an architect who prepared plans and specifications *and* who superintended the construction of a building, did furnish "labor" under the Texas general mechanics lien statute. But in *Branecky v. Seaman*, 688 S.W.2d 117 (Tex.Civ.App.—Corpus Christi 1984, writ ref'd. n.r.e.), the court held that mere preparation of the plans was insufficient to bring an architect under the general mechanics lien statute. To come within the statute, he must also perform some supervisory function on the actual construction of the building. However, the court pointed out in that case that the general mechanics lien statute there involved defined labor as that which is rendered in the direct prosecution of the work and that "work" was further defined to mean any construction or repair and in that case there never was any construction or repair done upon the subject property.

The only other cases cited by the parties, or found by this Court, to suggest that

"labor" under the Code may include something other than activity "chiefly consisting in the protracted exertion of muscular force" are *Ball v. Davis,* 118 Tex. 534, 18 S.W.2d 1063 (1937) and *Sammons v. Local No. 65,* 106 S.W.2d 785 (Tex.Civ.App.—Galveston 1937, no writ). In *Ball* the court pointed out that clerks, accountants, and bookkeepers in the oil and mining industries were not covered by the mechanics lien statutes for those industries but were named in other mechanics lien statutes.

In *Sammons* the court held that one who superintends work, purchases materials, and hires labor has a right to a lien under the general mechanics' lien statute and under the Texas Constitution.

The work and services for which Mr. Lyon claims his lien in his Statements of Lien do not fall within the definition of "labor" as that term has been defined by the Texas courts.

However, Mr. Lyon, in his response to the within Motion, has filed his personal affidavit and the affidavits of Mr. Stephen W. Anderson, a former officer of the Debtor, each of which states, that Mr. Lyon designed and supervised the construction and operation of the Ozona Gathering System, including the hiring of contractors to build the system and the location, inspection, ordering and transportation of necessary equipment for the pipeline system. These affidavits, Mr. Lyon claims, do not alter the description of the work contained in his Statements of Lien, but simply amplify those Statements. Further, it is argued, that his Statements of Lien were in substantial compliance with the Code.

This Court does not agree. Whether Texas is a "strict compliance" state as is suggested in *Ball v. Davis, supra,* or a "substantial compliance" state as stated in *Whiteselle, et al. v. Texas Loan Agency,* 27 S.W. 309 (Tex.Civ.App.—1894, writ ref'd), and *Texcalco, Inc. v. J.F. McMillan,* 524 S.W.2d 405 (Tex.Civ.App.—Eastland 1975, no writ), Mr. Lyon's services, as set forth under .oath in his Statements of Lien, do not, by any stretch of the language, show that he has performed "labor" such as would entitle him to his claimed lien.

As the Court stated in *Ball, supra,* "... the notice or statement of lien shall contain all the averments required by the statute ... they must show upon their face all the statutory requisites to their validity ..." 18 S.W.2d at 1064. Therefore, Mr. Lyon cannot by the recent affidavits filed in this case cure the deficiencies in his Statements of Lien. It is, therefore,

ORDERED that the Debtor's Motion to Strike filed June 6, 1986, is granted.

FURTHER ORDERED that, in the alternative, even if the Debtor's Motion to Strike were denied, the Statements of Lien filed by Robert C. Lyon in Texas are insufficient as a matter of law to establish a valid lien on the property described therein.

FURTHER ORDERED that, in any event, there are no material facts in dispute and, as a matter of law, Debtor is entitled to a partial summary judgment and said judgment shall enter declaring that the claim of Robert C. Lyon is an unsecured claim only and the amount of that claim shall be determined at a later date.