C - 4 - 010619 - 0833761 - B

(62,930-04

EX PARTE

IN THE CRIMINAL DISTRICT
COURT NO. 4 OF
TARRANT COUNTY, TEXAS

GABRIEL SILVA

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

APPLICANT'S WRITTEN OBJECTIONS TO
STATES RESPONSE TO APPLICATION FOR WRIT
DE HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL SILVA, APPLICANT PRO SE, AND FILES THIS HIS WRITTEN OBJECTIONS TO THE STATES RESPONSE TO HIS APPLICATION FOR WRIT OF HABEAS CORPUS, AND WOULD SHOW UNTO THE COURT THEREOF:

## SPEACIAL STATEMENT TO THE COURT

APPLICANT IS PROCEEDING IN THIS ACTION PRO-SE, WITHOUT THE ASSISTANCE OF PROFESSIONAL COUNSEL, DUE TO HIS INDIGENCY. ACCORDINGLY, APPLICANT INVOKES THE STANDARD OF REVIEW AS ESTABLISHED BY THE UNITED STATES SUPREME COURT IN HAINES VS. KERNES, 404 U.S. 519, 52 S.Ct. 594 (1972) WHEREIN THE COURT ASSERTED THAT "PLEADINGS OF PRO-SE LITIGANTS ARE TO BE CONSTRUED LIBERALLY AND HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY PROFESSIONAL LAWYERS".

## HISTORY OF THE CASE

THE APPLICANT GABRIEL SILVA ("APPLICANT") WAS CONVICTED BY A JURY OF THE FIRST DEGREE FELONY OFFENSE OF AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A KNIFE OR AN OBJECT UNKNOWN TO THE GRAND JURY, ON SEPTEMBER 27, 2002. IN CAUSE NO 0833761D APPLICANT PLED TRUE TO THE REPEAT OFFENDER NOTICE AND THE TRIAL COURT ASSESSED PUNISHMENT AT THIRTY-FIVE YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE- INSTITUTIONAL DIVISION.

THE SECOND COURT OF APPEALS AFFIRMED THE TRIAL COURT JUDGEMENT ON JANUARY 29, 2004. SEE SILVA VS. STATE Nos. 02 – 02 – 425 - CR, 02 – 02 - 426 CR 2004 WL 177868 (TEX. APP. FORT WORTH JAN 29, 2004, PET. REF'D) (NOT DESIGNATED FOR PUBLICATION).

APPLICANT'S FIRST APPLICATION FOR WRIT OF HABEAS CORPUS WAS DENIED WITHOUT WRITTEN ORDER ON TRIAL COURTS FINDINGS WITHOUT A HEARING ON NOVEMBER 23, 2005. SEE EX PARTE SILVA, No. WR - 62, 930 - 01. C - 4 – 007233 - 0833761 - A (TEX. CRIM. APP. NOV 23, 2005 (WHITE CARD).

## APPLICANT'S ALLEGATIONS

APPLICANT ALLEGES HIS CONFINEMENT IS ILLEGAL BECAUSE HIS SENTENCE IS ILLEGAL AND IMPROPER APPLICANT'S CLAIM OF AN ILLEGAL SENTENCE IS COGNIZABLE IN A WRIT OF HABEAS CORPUS. AN ILLEGAL SENTENCE IS ONE THAT IS NOT AUTHORIZED BY LAW. THEREFORE A SENTENCE THAT IS OUTSIDE THE RANGE OF PUNISHMENT OR NOT AUTHORIZED BY LAW IS CONSIDERED ILLEGAL. MIZELL VS. STATE 119 S.W. 3D. 804, 806 (TX. CRIM. APP 2003) EX PARTE BERK, 922 S.W. 2D. 181, 182 (TEX. CRIM. APP. 1996). THEREFORE APPLICANT'S SENTENCE MUST BE WITHIN THE PUNISHMENT RANGE UNDER WHICH HE WAS ADMONISHED AND SENTENCED. SEE EX PARTE PARROTT, 396 S.W. 3D. 531 - 533 (TEX. CRIM. APP. 2013) SEE ALSO MIZELL VS. STATE 119 S.W. 3D. AT 806.... "IN FACT THERE HAS NEVER BEEN ANYTHING IN TEXAS LAW THAT PREVENTS ANY COURT, WITH JURIDICTION OVER A

CRIMINAL CASE FROM NOTICING AND CORRECTING AN ILLEGAL SENTENCE NO MATTER WHEN OR HOW THE RELIEF WAS SOUGHT.

LAW AND FACTS

THE STATE DISTRICT ATTORNEY CLAIMS APPLICANT'S WRIT APPLICATION IS BARRRED BY 11.07 SEC. 4 HOWEVER APPLICANT DOES NOT CHALLENGE HIS CONVICTION BUT ILLEGAL SENTENCE IN THE INSTANT WRIT APPLICATION, APPLICANT CHALLENGES PAROLE ISSUES. THE COURT OF CRIMINAL APPEALS ADDRESSED THIS ISSUE IN EX PARTE _____ AND EX PARTE EVANS, 964 S.W. 2D. 643, 647 (TEX. CRIM. APP. 1998) THIS COURT HELD: BOTH THE DEFINITION OF CONVICTION AND THE COURT'S CASE LAW REGARDING WRIT APLLICATION LED THE COURT TO THE CONSLUSION THAT THE PROCEDURAL BAR OF ART. 11.07 SEC. 4 IS LIMITED TO INSTANCES IN WHICH THE INITIAL APPLICATION RAISED CLAIMS REGARDING THE VALIDITY OF THE PROSECUTION OR/ JUDGMENT OF GUILT.

IT DOES NOT APPLY TO CLAIMS REGARDING MATTERS SUCH AS ILLEGAL SENTENCE OR PAROLE. AS A RESULT THIS APPLICATION DOES NOT INVOLVE A CLAIM WHICH CHALLENGES THE "CONVICTION" WITHIN THE MEANING OF ARTICLE 11.07 SEC. 4 FOR THE ABOVE AND FOREGOING REASONS APPLICANT ASSERTS THIS COURT HAS THE AUTHORITY TO ADDRESS THE ISSUES IN HIS WRIT APPLICATION.

THE STATE'S ATTORNEY HAS NOT ADDRESSED ANY OF THE CLAIMS IN THE APPLICANT'S 11.07 AND A ILLEGAL SENTENCE CAN BE RAISED AT ANYTIME. SEE GONZALES VS. STATE 187 S.W. 3D. 166 (TX. APP. WACO 2006) STATE VS. DUDLEY 223 S.W. 3D. 717 (TEX. APP. TYLER 2007)

GROUND OF ERROR NO. 2

APPLICANT CONTENDS THERE IS A CONFLICT BETWEEN THE ORAL PRONOUNCEMENT BY THE JUDGE AT THE PUNISHMENT HEARING AND JURY VERDICT.

APPLICANT CONTENDS THAT THE TRIAL JUDGE HONORABLE CLIFFORD DAVIS NEVER MADE AN EXPRESS DETERMINATION THAT A DEADLY WEAPON WAS USED OR EXHIBITED BY APPLICANT DURING THE COMMISSION OF THE OFFENSE AT BAR, AND THIS IS CLEAR ON THE FACE OF THE TRIAL RECORD WHEN THE JUDGE SAID SO BY HIS OWN FINDINGS OF GUILT AT THE PUNISHMENT HEARING ON NOV 22, 2002(SEE COURT REPORTERS VOLUME 7. PAGES 31-32 ALL) AND EVEN EXPOUNDED AS TO HIS RATIONALE FOR SAID PUNISHMENT BUT WITHOUT EVER MENTIONING APPLICANTS USE OR EXHIBITION OF STATE'S UNFOUNDED, UNSEEN, THEORETICAL, DEMONSTRATIVE, LOCK BLADE KNIFE. STATE EXHIBIT #37 WHICH IS NOT PER SE A DEADLY WEAPON ACCORDING TO CONSISTENT TEXAS PENAL CODES 1.07 (17) (A) (B) OR CASE LAW. THE LAW INDICATES IN SITUATIONS SUCH AS APPLICANTS, WHEN THE ORAL JUDGEMENT AND WRITTEN ARE IN CONFLICT THE ORAL CONTROLS ESPECIALLY WHEN CONSIDERING "JUDICIAL ERROR". HOWEVER, A JUDGEMENT MAY BE ENTERED NUNC PRO TUNC IF IT WAS IN FACT "RENDERED" BUT NOT RECORDED AT AN EARLIER TIME. SEE JONES VS. STATE 795 S.W. 2D. 199 - 200 (TEX. CRIM. APP. 1990) AND ONCE A SENTENCE IS PRONOUNCED IN OPEN COURT IT COULDN'T BE INCREASED BY A LATER WRITTEN JUDGEMENT WHICH IS MERELY THE WRITTEN EMBODIMENT AND DECLARATION OF THAT ORAL PRONOUNCEMENT". NUNC PRO TUNC ORDERS ARE NOT APPROPRIATE TO ADDRESS JUDICIAL ERRORS, ERRORS THAT ARE THE PRODUCT OF JUDICIAL REASONING OR DETERMINATIONS. A NUNC PRO TUNC JUDGEMENT REQUIRES THAT THERE BE PROOF THAT THE PROPOSED SENTENCE WAS ACTUALLY RENDERED AT AN EARLIER TIME BUT THAT THE WRITTEN JUDGEMENT FAILS TO REFLECT IT. SEE: STATE DUDLEY 223 S.W. 3D. 717 - 722 (2007) SEE: ALSO CONCURRING OPINION AT 55 S.W. 3D. 625 74 S.W. 3D. 166) " A JUDGEMENT NUNC PRO TUNC MAY CORRECT ONLY CLERICAL ERRORS IN A JUDGEMENT, NOT JUDICIAL ERRORS OR OMISSIONS; CLERICAL ERRORS MAY BE CORRECTED BY ORDER OF NUNC PRO TUNC BUT NOT ONES THAT RESULT FROM JUDICIAL REASONING OR DETERMINATION". SMITH VS. STATE 15 S.W. 3D. 294 - 299 A "CLERICAL ERROR" COULD BE CORRECTED BY NUNC PRO TUNC IN WHICH NO JUDICIAL REASONING CONTRIBUTED

TO ITS ENTRY AND FOR SOME REASON WASN'T ENTERED IN THE RECORD AT THE PROPER TIME. NUNC PRO TUNC ORDERS ARE NOT APPROPRIATE TO ADDRESS JUDICIAL ERRORS" THAT ARE THE PRODUCT OF JUDICIAL REASONING OR DETERMINATIONS" SEE: STATE VS. POSEY 300 S.W. 3D. 239 (2009) WHEN A TRIAL JUDGE ACTS PURSUANT TO A FALSE OR MISTAKEN CONCEPTION OR APPLICATION OF THE LAW SUCH IS "JUDICIAL ERROR" NOT CLERICAL.

IN THE INSTANT CASE AT BAR AND LEGAL THEORETICAL JUXTAPOSITION TO "POLK" AS ESPOUSED IN FANNIEL VS. STATE, 73 S.W. 3D. 557, 559 - 560 (2002). "AN EXPRESS DETERMINATION BY THE TRIER OF FACT THAT A DEADLY WEAPON WAS USED OR EXHIBITED DURING THE COMMISSION OF THE OFFENSE IS NECESSARY FOR THE ENTRY OF AND AFFIRMATIVE FINDING OF THE USE OF A DEADLY WEAPON". POLK VS. STATE, 693 S.W. 2D. 391 - 396 (TEX. CRIM. APP. 14TH DIST HOUSTON 1990 PET. REF'D, (HOLDS TRIAL COURTS FINDING OF GUILT DOES NOT AMOUNT TO AFFIRMATIVE FINDING THAT DEFENDANT USED A DEADLY WEAPON). HERE IN APPLICANT SILVA'S CASE WHEN IN THE EVENT OF CONFLICT BETWEEN A DISTRICT COURTS ORAL JUDGEMENT AND WRITTEN ORDER IN CRIMINAL PROSECUTIONS, THE ORAL JUDGEMENT CONTROLS AND PREVAILS SEE U.S. VS. _____ F3D. 499 (TEX. 2001)

THIS RULE OF LAW IS ALSO ESPOUSED IN DONOVAN VS. STATE 232 S.W. 3D. 192 (2007) STATING, "THE TRIAL COURT MUST PRONOUNCE A DEFENDANTS SENTENCE ORALLY IN HIS PRESENCE BECAUSE THE WRITTEN JUDGEMENT IS MERELY THE EMBODIMENT OF THE ORAL PRONOUNCEMENT. AND SO WHEN THE WRITTEN JUDGEMENT AND ORAL JUDGEMENT ARE IN CONFLICT THE ORAL PRONOUNCEMENT CONTROLS". SEE ALSO MORFIN VS. STATE 34 S.W. 3D. 664 (TX. APP. SAN ANTONIO 2000) THESE COURTS HAVE ALL CONSISTENTLY HELD WHEN THERE IS A VARIATION FROM THE ORAL PRONOUNCEMENT OF SENTENCE AND THE WRITTEN MEMORIALIZATION THE ORAL PRONOUNCEMENT CONTROLS. AND SINCE THE TIME FOR APPEAL BEGINS WHEN THE SENTENCE IS IMPOSED OR SUSPENDED IN OPEN COURT THEN THIS IS OBVIOUSLY THE APPEALABLE EVENT WHICH CAN BE CHALLENGED. THE SENTENCE IS THE ILLEGAL PART OF THE JUDGEMENT; WITH THE PRONOUNCEMENT OF SENTENCE THE COURT ESSENTIALLY BREATHES LIFE INTO THE SENTENCE AND JUDGEMENT AND IS CATALYST OF WHICH ENABLES EXECUTION OF THE JUDGEMENT. STOKES VS. STATE 688 S.W. 2D. 539.

## GROUND OF ERROR NO.3

APPLICANT ASSERTS HE IS ACTUALLY INNOCENT OF THE DEADLY WEAPON FINDING AND TDCJ AND THE TRIAL COURT ARE IN ERROR IN REQUIRING APPLICANT TO SERVE ONE HALF OF HIS SENTENCE BEFORE BECOMING ELIGIBLE FOR PAROLE.

APPLICANT CONTENDS THAT THE OFFICIALS AT TDCJ AND THE TRIAL COURT OFFICIALS ARE IN ERROR IN REQUIRING SILVA TO HAVE TO SERVE ONE HALF OF HIS SENTENCE BEFORE HE IS ELIGIBLE FORE PAROLE. APPLICANT FEELS HE HAS SHOWN SUFFICIENT FACTS TO SUPPORT PRIMA FACIE CLAIM OF ACTUAL INNOCENCE OF THE DEADLY WEAPON FINDING IN HIS ORAL PRONOUNCEMENT IN OPEN COURT. (SEE COURT REPORTERS RECORD VOLUME 7. Pgs. 31-32 ALL). THE COURT IN EX PARTE BROOKS 219 S.W. 3D. 396 (TEX. CRIM. APP. 2007) HELD: IN FOOTNOTE TWO. THE INDICTMENT ALLEGED THAT BROOKS USED A DEADLY WEAPON. THE JURY FOUND HIM NOT GUILTY OF THE DEADLY WEAPON FINDING FOOT NOTE 7. SEE MURRY VS. CARRIER 477 U.S. 478, 496, 106 S.Ct. 2639 91 L.Ed 2D. 397 (1986). THE CARRIER STANDARD REQUIRES THE HABEAS PETITIONER SHOW THAT A CONSTITUTIONAL VIOLATION HAS RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT TO ESTABLISH THE REQUISITE PROBABILITY, THE PETITIONER MUST SHOW THAT IT IS MORE LIKELY THAN NOT THAT NO REASONABLE JUROR WOULD'VE CONVICTED HIM IN LIGHT OF THE NEW EVIDENCE. SCHLUP 513 U.S. AT 327, 115 S.Ct 851 SAWYER VS. WHITLY, 505 U.S. 333, 112 S Ct. 2514 120 L. ED. 2D. 269 (1992). (HOLDING THAT A HABEAS PETITIONER MUSH SHOW BY CLEAR AND CONVINCING EVIDENCE, THAT BUT FOR A CONSTITUTIONAL VIOLATION, NO REASONABLE JUROR WOULD HAVE THE PETITION ELIGIBLE FOR

<u>CERTIFICATE OF SERVICE</u>

I, CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN SERVED ON THE STAT'S DISTRICT ATTORNEY THIS _December_ DAY OF _11_ 20 _13_ BY PLACING SAME IN THE US MAIL POSTAGE PREPAID ADDRESSED AS FOLLOWS:

TO: CINDY DUTRA
POST CONVICTION LEGAL SECRETARY

TARRANT COUNTY DISTRICT CLERK OFFICE

THE DEATH PENALY). APPLICANT ASSERTS HE IS ACTUALLY INNOCENT OF THE DEADLY WEAPON FINDING ENHANCEMENT, THAT THE TRIAL OFFICIALS ARE HOLDING AGAINST APPLICANT.

<u>PRAYER FOR RELIEF</u>
WHEREFORE, APPLICANT PRAYS THIS HONORABLE COURT ADDRESS THE MERITS OF THE CLAIMS AND ISSUES, AND ORDER THAT THE TRIAL COURT'S JUDGEMENT BE REFORMED TO REFLECT THE ORAL PRONOUNCEMENT AS IN THE TRIAL COURT RECORD AND APPOINT COUNSEL FOR THE APPLICANT.

RESPECTFULLY SUBMITTED:

GABRIEL SILVA #1137714

M. W. MICHAEL UNIT
2664 FM. 2054
TENN. COLONY, TX 75886

DONE THIS _December_ DAY OF ___11th___ 2015

INMATE DECLARATION
I, GABRIEL SILVA, #1137714 AND INMATE IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CORRECTIONAL DIVISION AT THE M. W. MICHAEL UNIT LOCATED IN ANDERSON COUNTY, TEXAS 2664 FM. 2054 TENN. COLONY, TEXAS 75886 DECLARE UNDER PENALTY OF PERJURY THE ABOVE AND FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE PERSUANT TO TX. CIV. P. REM. CODE B2. 001-132-003

EXECUTED THIS _December_ DAY OF ___11th___ 20 _15_